## Marshall F. Foster v. Milton Alden and William Dean.

*Justices' Courts: Amendments.* A Justice of the Peace has no power to amend his record of a judgment, after the day of its rendition, by a change in the name of one of the parties; nor will the presence and consent of the plaintiff, and of the person whose name was substituted for that upon the docket, confer jurisdiction to make such amendment.

*Heard October 4.  Decided October 18.*

Error to Calhoun Circuit.

. This case comes into this Court to review the decision of the Circuit Court in rejecting evidence offered to prove that the record of a judgment entered upon the docket of a Justice of the Peace had been amended after judgment, and execution issued upon it, by altering the name of *William* T. Johnson to *Warren* T. Johnson; which last was the true name of the party, and the amendment was made by his consent; he and the plaintiff being present when the amendment was made.

*John C. Patterson,* for plaintiff in error.

*Thos. G. Pray,* for defendant in error.

CHRISTIANCY, J.

This was an action of replevin in the Circuit Court for the County of Calhoun.

The defendant below (plaintiff in error) undertook, in pursuance of a notice filed with his plea, to justify the taking and detention of the property, under an execution issued by a Justice of the Peace on a judgment in an attachment suit, wherein one Parker was plaintiff and Warren T. Johnson was defendant.

The docket, containing a judgment purporting to be rendered in such suit against Warren T. Johnson, the defendant therein, was offered in evidence, but it showed

upon its face that the name of the defendant had originally been written "William T." instead of Warren T. Johnson, and that William had been canceled by drawing a pen through it, and "Warren" written over it. The record of the cause showed that the defendant did not appear in the case. Proof was offered in reference to this alteration, the Justice stating that the process was issued against William T. Johnson, and it clearly appeared from the evidence that all the proceedings and the entry of the judgment was by that name; that the alteration was made by the Justice some two or three weeks, at least, after the entry of the judgment and after one execution had been issued; but that it was made by the Justice with the consent of Johnson, who suggested the alteration, stating that his name was "Warren" and not William, the plaintiff being present when it was done.

The reading of the docket in evidence was objected to, and it was excluded by the Court. This is assigned for error.

We think this ruling was not erroneous, and that the docket was properly excluded. After the rendering and recording of the judgment, the jurisdiction of the justice to make such an amendment had ceased. A Justice's Court is not like a court of record, having stated terms. The amendment was made out of Court, and the consent of Johnson could give no jurisdiction to make the alteration. His consent could at most have only the effect of an agreement or contract, not that of a judgment.

The judgment of the Circuit Court must be affirmed with costs.

CAMPBELL, CH. J. and COOLEY, J. concurred.

GRAVES, J. did not sit, having tried the case at the Circuit.