## Foist *v.* Coppin and Another.

JUSTICE OF THE PEACE.—*New Trial.—Sufficiency of Notice.*—Where a party appears before a justice of the peace on the hearing of a motion for a new trial, and does not object to the sufficiency of the notice, he cannot afterwards avail himself of that objection.

SAME.—*Judgment.*—A justice of the peace has no power to change, vacate, or in any manner interfere with a judgment he has rendered, except to grant a new trial, or to enter satisfaction, where judgment is subsequently paid.

APPEAL from Jackson Circuit Court.

BUSKIRK, J.—The facts necessary to a proper understanding of the questions involved are these: Joseph R. Coppin, on the second day of January, 1857, commenced before a justice of the peace an action against John Foist and Sarah, his wife, for a debt created by Sarah prior to her marriage.

The case was tried before the justice on the 10th day of January, and resulted in a finding for the defendants. On the 13th of January, notice was served on defendants that a motion would be made for a new trial on the 14th. On the 14th, the parties appeared before the justice, and the defendants, without making any objection to the sufficiency of the notice, appeared to and resisted the motion for a new trial. The motion was granted, and a new trial awarded. After the new trial was granted, notice was served on defendants,

that the case would be tried on the 24th day of January. On the day set for trial the parties appeared, and defendants moved to set aside the granting of a new trial on account of the insufficiency of the notice. The motion was overruled. The case was, by the agreement of the parties, continued until the 3d day of February, 1857. On that day, the plaintiff appeared, but the defendants did not appear. The cause was tried by the justice, who rendered a judgment for plaintiff of fourteen dollars and eighty cents.

The judgment having been assigned to Bain, he, on the 28th day of October, 1867, filed an affidavit before the justice having the docket containing said judgment, to obtain an execution. The justice issued an execution on the 4th day of November, 1867. John Foist, on the 11th day of November, 1867, filed with the said justice his motion to have the said judgment vacated and declared null and void, and the execution recalled. His motion was heard on the 16th day of November, and was by the justice dismissed on account of the insufficiency of the matters alleged in the motion. The appellant then appealed to the circuit court, where the case was, by the agreement of the parties, tried by the court, and resulted in favor of the appellees; and this case is brought to this court to obtain a reversal of the judgment of the circuit court refusing to vacate the said judgment, and to order a return of the execution.

The motion of the appellant to have the judgment rendered on the 3d day of February, 1857, declared null and void, and the execution returned, was based on two grounds. The first was, that the notice of the intended application for a new trial was insufficient. The second was, that the new trial was granted on the 5th day after the judgment was rendered, and that, by reason thereof, the justice had no power or authority to grant a new trial, and that the granting of such new trial and all subsequent proceedings were null and void. There is nothing in the first objection. It is shown by the record and the evidence that notice was served on the day before the new trial was granted. But it makes no

difference whether there was any notice, as the appellant was present when the new trial was granted, and made no objection to the sufficiency of the notice. An appearance without objection waived any defect or insufficiency in the notice.

The statute provides that justices may grant new trials within four days after the rendition of the judgment. The record of the justice shows that the application for a new trial was made on the 13th of January, 1857, and that it was granted. The record on the 3d of February recites that the notice was served on the 14th of January. This recital constituted no part of the record on the 3d of February, and could not control the previous record, which showed when the new trial was granted. But there is an objection that is fatal to the whole proceeding. Section 115 of the justice's act, 2 G. & H. 609, gives to a justice the power to enter satisfaction of a judgment on his docket. This proceeding is based on the theory that the judgment was valid, but had been paid subsequent to its rendition. The proceeding in the case under consideration is not to enter satisfaction of the judgment, but to have it vacated and declared null and void from the beginning. It is claimed that the judgment was void for the want of power and authority in the justice to render the judgment. The court of a justice of the peace is one of inferior and limited jurisdiction, and can exercise no power nor do any act that is not expressly granted or authorized. No authority has been conferred upon justices to declare void and vacate judgments. They may grant new trials within four days; and they may grant a new trial within ten days, when the judgment was rendered by default. See sec. 56, 2 G. & H. 592, and sec. 62, 2 G. & H. 593. And they may enter satisfaction, in whole or in part, where payments have been made. With these exceptions, they have no power to change, vacate, or in any manner interfere with judgments by them rendered. The proper remedy, if any existed, in the case under consideration, was

by an application to the chancellor to enjoin the collection of the judgment.

The judgment is affirmed, with costs.

*W. K. Marshall,* for appellant.

*R. M. Kelly,* for appellees.