## Jonas Reed v. Isaac N. Gage.

*Guaranty of collection: Evidence: Judgment: Names: Identity.* In an action by Isaac N. Gage upon a guaranty of collection by one Reed, of certain promissory notes made by one Cole, it was held competent to admit in evidence the proceedings and judgment against Cole to enforce collection of the notes, though those proceedings were taken in the name of Newton Gage as plaintiff, where it is shown that the plaintiff's name is Isaac Newton Gage, and that he is the same person named as Newton Gage in the proceedings against Cole.

REED *v.* GAGE.

*Justice's court: Plaintiff's attorney: Proof of authority: Judgment: Collateral*
  *attack.*   A justice's judgment cannot be attacked collaterally upon the
  ground of failure to make proof of the authority of the plaintiff's attor-
  ney, as required by the statute (*Comp. L. 1871,* § *5305*) in case the de-
  fendant does not appear.

*Heard and decided January 7.*

Error to Eaton Circuit.

This was an action upon a guaranty of collection, exe-
cuted by Reed and endorsed on two promissory notes of one
Homer Cole, payable to the order of one Bixby.   Gage,
having become holder of the notes, sued Cole in justice's
court, and took a transcript to the circuit, and there had
execution issued, which was returned *nulla bona.*   He there-
upon brought this action against Reed on his guaranty.   On
the introduction of the record evidence of the proceedings
against Cole, various objections were taken, upon which errors
are assigned.   The suit against Cole was brought in the
name of Newton Gage, and the plaintiff was allowed, against
objection, to prove that his name was Isaac Newton Gage,
and that he was the same person named as Newton Gage
in the proceedings against Cole.

The transcript of the judgment showed that plaintiff ap-
peared by attorney, and that defendant did not appear; and
the validity of the judgment, when it was offered in evidence,
was questioned on the ground that the record did not show
proof of authority of plaintiff's attorney.   Judgment having
passed for the plaintiff, the defendant brought error.

*Shaw & Pennington,* for plaintiff in error.

*D. P. Sagendorph* and *E. A. Foote,* for defendant in error.

PER CURIAM:

1. The identity of the plaintiff with the plaintiff in the
suit against Cole was properly and sufficiently proved; and
the judgment record in the Cole suit was therefore correctly

admitted in evidence so far as any objection growing out of the variance in name was concerned.

2. The justice's judgment could not be attacked collaterally upon the ground of failure to make proof, as required by the statute (*Comp. L. 1871*, § *5305*), of the authority of the plaintiff's attorney.

Judgment affirmed.