MARIA M. SOMERS v. CHARLES LOSEY ET. AL.

*Judgments collaterally attacked—Parties—Garnishment of matured note— Jury determines on conflicting testimony.*

Where a judgment is regularly rendered and not appealed from, it cannot be attacked collaterally on the ground that the suit should have been brought in the name of a different official plaintiff.

A promissory note may be garnished after maturity, and if owned by the principal defendant the garnishee's liability becomes fixed by the disclosure, and he will be protected in paying over the money after judgment against the principal defendant, without waiting for a formal judgment against himself. Comp. L. § 6445.

When testimony conflicts the jury must determine the fact, and the verdict settles it.

Error to Wayne. Submitted Apr. 19. Decided Apr. 25.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Stewart & Galloway* for appellant.

*Wilkinson, Post & Wilkinson* for appellees.

CAMPBELL, J. Mrs. Somers sued defendants as joint makers of a note for $145, dated February 17, 1879, and payable in "one or two years after date with ten per cent. interest to Joseph Somers, or bearer," said Joseph being her husband.

Defendants claimed and were allowed at the circuit a reduction of $47.95, by reason of garnishee proceedings in which they paid that amount on a justice's judgment against the husband. As this is the only reduction made in their favor, all the questions we are required to consider depend upon the effect of the garnishee action.

On the 8th of May, 1880, a judgment was recovered by James Ford, township treasurer of the township of Dearborn in Wayne county, against Somers, which from the docket recitals appears to have been for unpaid personal taxes. This judgment was rendered regularly on personal service and appearance and plea.

On the 15th of February, 1881, a garnishee summons was sworn out under this judgment against the defendants in this suit. On the 25th day of February they made their disclosure of indebtedness on the note in the suit here. The court reserved decision until March 1, when a formal judgment was rendered against them. On the 8th of May, 1881, they paid the amount to the justice. This was after the present suit was brought, but before plea. The defence was properly pleaded.

The plaintiff claims that this garnishee payment was unauthorized and not binding on her, because she was owner of the paper before maturity and at the time of the garnishment, and also because, as she insists, the judgment and garnishee proceedings were both void.

The objection to the judgment is that the suit was not brought in the proper name, or in the proper way to collect delinquent taxes. It is sufficient to say that there being a plaintiff who has actually sued, and a defendant who has been cast in a judgment from which he has not appealed, for an amount within a justice's jurisdiction, that judgment cannot be attacked collaterally.

It is claimed that a promissory note not due cannot be garnished, and reference is made to a former decision of this court in aid of that claim. *Littlefield v. Hodge*, 6 Mich. 326. In that case the note was negotiated before maturity, and the garnishee proceedings were completed by disclosure and judgment before maturity. We need not consider whether the statutes as they now stand have changed the old rule, because in the present case the disclosure was not made until several days after the maturity of the note, when the same difficulties do not exist if the note is in the hands of the judgment debtor. And it is not very important to determine whether the justice's judgment against the garnishees is regular without a further declaration, or whether it can be attacked collaterally, because under the statute the disclosure fixes the liability without a judgment so that the garnishees may pay the money over. Comp. L. § 6445.

If then Somers owned the note at the time of the disclosure defendants must be protected in their payment.

This brings up the question of plaintiff's title. She swore that she got the note in December, 1880. She also swore to facts which would have put back her title still earlier. On the other hand there was testimony of conversations and dealings in her presence which tended very directly to show that she did not own it when the note matured. On this direct conflict of testimony the circuit judge left the question to be determined by the jury whether she then owned the note.

It is claimed that this question was not clearly presented; but in our opinion, inasmuch as the conflict was one which could only be settled by the jury by accepting or rejecting her testimony, the result does not indicate any such difficulty, and the matter was fairly presented.

The judgment must be affirmed with costs.

MARSTON and COOLEY, JJ. concurred.