FRANCIS KING v. FRANCIS S. BATES, IMPLEADED WITH PETER J. COPPENS.

*Justices of the peace—Service of process—Jurisdiction—Evidence.*

1. A justice's judgment was sued over in the circuit court. Upon offering in evidence the docket entries and files, it appeared that the summons was served by a private person. No indorsement authorizing such service was upon the summons, nor did the docket show that any inquiry had been made by the justice as to the competency of the appointee. The circuit court permitted the justice of the peace who rendered the judgment to supply these omissions by his oral testimony, and to make the necessary indorsement upon the docket. And it is held that such action cannot be defended upon authority or reason.

2. The following general propositions are summarized from the opinion of Mr. Justice GRANT:

   *a*—Proof of service of process to give the court jurisdiction cannot rest in parol.

   *b*—Courts have liberally construed the statute of amendments in matters of form, where it is clear that no injustice can be done; but amendments without which the court obtains no jurisdiction to try the case can only be made by the trial court, and upon notice to the opposite party, who is entitled to make a showing.

   *c*—Justices' courts are courts of limited jurisdiction, having no stated terms; and when a case has been tried, and the record thereof entered upon the justice's docket, his control over it has ended, except to issue execution.

   *d*—A justice of the peace cannot supply a jurisdictional fact in his return to a writ of *certiorari* by certifying to its existence, and thus cure the error; citing *Noyes v. Hillier*, 65 Mich. 636.

   *e*—This Court has held that, after a justice of the peace has

made his return as an examining magistrate, he cannot procure the signatures of the witnesses who had failed to sign their depositions; citing *People v. Chapman,* 62 Mich. 280.

*f*—A justice of the peace has no power to amend his judgment record by changing the Christian name of the defendant, although consented to by both parties; citing *Foster v. Alden,* 21 Mich. 507.

Error to Kent. (Burch, J.) Submitted on briefs April 18, 1890. Decided April 25, 1890.

*Assumpsit.* Defendant Bates brings error. Reversed. The facts are stated in the opinion.

*FitzGerald & Barry (F. A. Stace,* of counsel), for appellant.

*John M. Mathewson,* for plaintiff.

[The points of counsel are stated in the opinion.— REPORTER.]

GRANT, J. This suit was commenced by summons, March 14, 1889, before Milton M. Perry, a justice of the peace. Upon the return-day, defendant Bates, who had been personally served with process, appeared. Coppens did not appear, not having been served. Plaintiff declared on the common counts in *assumpsit,* and on a judgment rendered by Milton M. Perry, a justice of the peace, March 16, 1883. Defendant Bates demanded a bill of particulars. Plaintiff stated that this judgment was his bill of particulars.

Upon the trial the plaintiff offered in evidence the docket entry of a judgment rendered March 16, 1883, in favor of plaintiff, King, and against the defendants, Bates and Coppens. Defendants objected to its admission on the ground that the justice obtained no jurisdiction to render the judgment, because the summons was not served by any constable or officer of the law, and there

was no proof in the record that it was served by any competent person, in accordance with How. Stat. § 6827. The justice overruled the objection, on the ground that the judgment could not be attacked collaterally. Neither Bates nor Coppens appeared in the *first* suit. Defendant Bates thereupon appealed *this* suit to the circuit court.

Upon the trial in the circuit the docket entry of the justice and the files in the case tried in 1883 were offered in evidence. The summons was not served by an officer. The justice placed the summons in the hands of a private person for service, but did not indorse any written authority to such person upon the summons; nor did his docket contain any statement that he had made any inquiry to determine the competency of the person so designated to make the service. The person so designated returned under oath that he had personally served the summons upon Bates. The learned circuit judge permitted Milton M. Perry, the justice, to testify that he did make inquiry into the competency of the person designated to make the service, and that he was a competent person; and also permitted said justice to take the summons issued in said cause, and to indorse upon it the following:

"On request of within plaintiff, and deeming it expedient so to do, I did, on March 8, 1883, appoint and empower Henry W. Booth to execute the within process, he being a competent and proper person to execute the same, being of lawful age, and not a party to the suit, and nowise interested in the event thereof. The above is indorsed hereon, the 11th day of January, 1890, by permission of the circuit court of the county of Kent, and in open court, by way of amendment.

"Dated January 11, 1890.      MILTON M. PERRY,
                                  "Justice of the Peace."

The court also permitted the justice to amend his docket by adding to it a similar statement to the above.

This Court has too often decided that under a record such as this, before the amendments were made, justices of the peace obtain no jurisdiction, and that their judgments are null and void, to render any discussion or citation of authorities necessary.[1]

It is equally well settled that proof of service of process to give the courts jurisdiction cannot rest in parol. Courts have liberally construed the statute of amendments in matters of form, where it is clear that no injustice can be done; but amendments without which the court obtains no jurisdiction to try the case can only be made by the court which tried the cause, and upon notice to the opposite party. Upon such proposed amendments the opposite party is entitled to make a showing.

The amendment made by the justice in this case, by order of the court, cannot be defended upon authority or reason. When the case at bar was tried before the justice, plaintiff did not ask to amend, although the case was being tried before the same justice who tried the first suit. Justices' courts are courts of limited jurisdiction. They have no stated terms. When the case has been tried, and the record thereof entered upon the justice's docket, his control over it has ended, except to issue execution. In a case similar to this, the justice sought to correct the error in his return to a writ of *certiorari* by certifying the existence of jurisdictional facts; but this Court held that this did not cure the error. *Noyes v. Hillier*, 65 Mich. 636. This Court also held that after the justice had made his return in a criminal case he could not procure the signatures of the witnesses who had failed to sign their depositions. *People v. Chapman*, 62 Mich. 280. Nor can a justice amend his record after judgment by changing the Christian name of one of the parties, although both parties con-

---

[1] See *Gadsby v. Stimer*, 79 Mich. 260.

sented. *Foster v. Alden,* 21 Mich. 507. See, also, *People v. Common Pleas,* 18 Wend. 558; *Ramsey v. Cole,* 10 S. E. Rep. 598.

The judgment of the court below is reversed, with costs, and a new trial ordered.

The other Justices concurred.

