NELS DAMM v. JAMES GOW AND JOHN·CAMPBELL.

*Justice of the peace—Evidence—Explanation of docket.*

A justice's docket showed that a summons was made returnable September 8, and returned personally served Sept. 1, and that a judgment was rendered Oct. 8, but failed to show any adjournment of the case. The several dates were entered in the left-hand margin of the docket, and ditto marks appeared under the abbreviation "Sept.," over which marks the abbreviation "Oct." had been written as the date of the judgment entry, the marks appearing in the letter "O." And it is held competent to explain by the testimony of the justice the appearance of the entries; and that if the judgment was actually rendered on September 8, and that day entered at the time, and the abbreviation "Oct." afterwards written over it, either by mistake or design, such facts might be shown by the justice who made the entries.

Error to Muskegon. (Dickerman, J.) Argued October 7, 1891. Decided October 30, 1891.

Garnishment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Jones & Clark,* for appellant, cited no authorities.

*DeLong & O'Hara,* for defendants, contended as stated

in the opinion, citing the authorities therein  ⸱ ⹀⹀⹀,
and—

1. That, in order to give the justice jurisdiction to render the
   judgment against the principal defendant, who did not appear,
   the officer's return must show that he complied with the
   statute as to the manner of serving the summons, namely, by
   delivering to the defendant a copy thereof, which fact does
   not appear in the docket, and there was no other evidence of
   the service before the circuit court on the trial of this case;
   citing *Campau v. Fairbanks*, 1 Mich. 151; *Smalley v. Light-
   hall*, 37 Id. 348; *Alverson v. Dennison*, 40 Id. 179; and, the
   judgment against Lambert being void, the garnishee proceed-
   ings must fall with it; citing *Segar v. Lumber Co.*, 81 Mich. 344.

CHAMPLIN, C. J. This is a suit against garnishees.
Upon the trial in the court below it became material to
introduce in evidence the judgment obtained against the
defendant in the original suit, which was rendered before
a justice of the peace, and plaintiff offered the docket of
the justice to prove such judgment, which docket is in
the form and reads as follows:

"Nels Damm,
      Plaintiff,
          vs.       }  *Assumpsit.*
Isaac Lambert,
      Defendant.

      "In justice court before Frank H. Bassett,
      justice of the peace.

1890.

Aug. 30.   Summons issued returnable at my office in the
city of Muskegon on the 8th day of Septem-
ber, 1890, at one o'clock in the afternoon.

Sept 1.   Summons returned personally served on said
defendant by N. Holthe, deputy-sheriff, on the
30th day of August, 1890, within the county
of Muskegon. Fees, $.75.

Oct. 8.   At one o'clock in the afternoon cause called.
Plaintiff appeared in person by Arthur Jones,
his attorney. Defendant did not appear. After
waiting one hour, and defendant not appearing,
I proceeded with the trial of said cause. Plaint-
iff declared orally on all the common counts

in *assumpsit*, and claimed damages $300. Nels Damm, plaintiff, sworn and testified in his own behalf. After hearing the evidence, and due consideration being had thereon, I thereupon rendered judgment in favor of said plaintiff and against said defendant for the sum of forty-four and ninety-nine hundredths dollars damages, together with two and ninety-five hundredths dollars costs of suit.

"FRANK H. BASSETT,

"Justice of the Peace."

The dates, as appears from the docket, were entered in the left-hand margin, and under the abbreviation "Sept." are marks thus ("), representing ditto, and over these marks the abbreviation "Oct." has been written, the marks appearing in the letter "O." Defendants objected to the introduction of the docket in evidence for the purpose of proving the judgment, for the reason that it appeared to have been rendered October 8, and from the docket entries the justice had lost jurisdiction, and the judgment was therefore void. Plaintiff produced the justice, and offered to show that the judgment was rendered September 8, and that it was so entered on his docket as of that date, and to explain how the word "Oct." came to be written over the characters indicating that the judgment was entered September 8; but the circuit judge refused to permit such testimony, and excluded the docket.

The court erred. The plaintiff should have been permitted to explain by the testimony of the justice, who was the custodian of the docket, the appearance of the entry, where two months are indicated in the margin opposite the figure denoting the day of the month. If the judgment was actually rendered on September 8, and that day was entered at the time, and another month

was written over it after that time, either by mistake or design, it was competent to show those facts by the justice who made the entries. It cannot be permitted to allow the justice to nullify a judgment upon his docket by changing the date upon which the judgment was actually entered, and none of the authorities cited justify such holding. In *Mudge v. Yaples*, 58 Mich. 307, the attempt was made to supply by oral proof the time when the parties appeared, and it was held that this could not be done; but here the docket shows the time, but it is made uncertain by another time also appearing upon the docket, and upon the face of the docket it is uncertain which is the original entry. *Weaver v. Lammon*, 62 Mich. 366, does not support the defendants' contention. It would be in point if the only date appearing upon the docket as to time of appearance and entry of judgment were October 8, but such is not the case. It was again said in *King v. Bates*, 80 Mich. 367, that jurisdictional facts in justice's court cannot rest in parol. In this case the fact does not rest in parol, but is duly entered, and the testimony offered was for the purpose of showing that fact by identifying the original entry as between the two conflicting dates.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.