DANIEL E. CORBITT v. LEONARD TIMMERMAN AND JOHANNA TIMMERMAN.

*Judgments—Appearance by attorney—Collateral attack.*

1. An appearance by an attorney is presumed to have been authorized, even though entered without the service of process (*Arnold v. Nye*, 23 Mich. 286); and in a collateral proceeding this *prima facie* presumption becomes conclusive; citing Freem. Judgm. § 128; *Ferguson v. Crawford*, 70 N. Y. 253.

2. Where, after the service of process upon one of two defendants, the firm of attorneys of which the party so served is a member appears and pleads for both defendants, and judgment passes for the plaintiff, and the defendant who was not served with process, after being requested to pay the judgment, fraudulently conveys all of his property liable to execution to his wife, he cannot, in a suit brought to set aside said conveyance, attack the judgment on the ground of such non-service and the alleged want of authority of said attorneys to appear for him.

Appeal from Kent. (Montgomery, J.) Submitted on briefs April 7, 1893. Decided June 1, 1893.

Bill in aid of execution. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*D. E. Corbitt,* in *pro. per.*

*Frank G. Holmes,* for defendants, contended:

1. A judgment resting on the unauthorized appearance of an attorney is void; citing *Reynolds v. Fleming*, 30 Kan. 106.

2. Where an attorney appears without authority, the party is not concluded by his acts, but may be relieved; citing *Critchfield v. Porter*, 3 Ohio, 518; Black, Judgm. §§ 272, 325, 374.

GRANT, J. Complainant obtained a judgment in the circuit court for the county of Kent against the defendant Leonard Timmerman and William W. Taylor, and execution was duly issued thereon. The sheriff called upon Mr. Timmerman August 6, and requested payment. Mr. Timmerman promised to call upon the officer a few days after. Instead, however, of keeping his promise, he caused to be recorded, August 8, a deed from himself to his wife of the premises in question, which constituted the only property Timmerman had upon which a levy could be made. A levy was made, and complainant filed a bill in chancery to set aside the conveyance as fraudulent. Decree was entered in favor of the complainant.

The conclusion reached by the court below, that the conveyance was fraudulent, is correct, and is fully sustained by the evidence.

The judgment at law is attacked on the ground that Mr. Timmerman was not served with process, and that he had authorized no attorney to appear for him. Mr. Taylor, the co-defendant with Timmerman, was an attorney, and a member of the firm of Taylor & McBride, who appeared for the defendants in that suit. Service was made upon Taylor, and, upon the same day, Taylor & McBride entered their appearance, served notice thereof upon the plaintiff, who was his own attorney, and four days thereafter filed and served a plea of the general issue, with notice of special matters of defense. After the appearance of the defendants by their attorneys, no steps were taken to serve Timmerman with a copy of the

declaration and notice to plead,—the process by which suit was commenced.

The presumption is that attorneys are duly authorized to appear, even where there is an appearance without service of process. *Arnold v. Nye,* 23 Mich. 286. It is undoubtedly the general rule that a judgment resting upon the unauthorized appearance of an attorney will be set aside upon motion, and that equity will enjoin the collection of a judgment so procured when the right to move to set aside the judgment is lost. These remedies exist regardless of the solvency or insolvency of the attorney. 1 Black, Judgm. §§ 272, 325, 374. Had defendant Timmerman applied to the court to vacate the judgment, the court should have set it aside, upon satisfactory proof that the attorneys appeared without his authority, and that their action was not subsequently ratified by him.

The authorities are not uniform as to whether such judgment can be attacked collaterally. Freeman states the rule to be that—

" This presumption is, in a collateral proceeding, not merely *prima facie;* it is conclusive." Freem. Judgm. (2d ed.) § 128.

In *Ferguson v. Crawford,* 70 N. Y. 253, after a careful review of the authorities by Justice Rapallo, he says:

" It is established by a long line of decisions that, where an attorney of the court appears for a party in an action, his appearance is recognized, and his authority will be presumed, to the extent, at least, of giving validity to the proceedings; * * * and for reasons of public policy the court will hold the appearance good, leaving the aggrieved party to his action against the attorney, granting relief against the judgment only in cases of direct application."

We think this rule is founded in reason and good sense, and is supported by the clear weight of authority. It is the plain duty of a defendant, in such a case, upon receiv-

ing information of the judgment against him, to proceed promptly to have the judgment vacated. The rights of the parties can thus be most expeditiously and inexpensively determined. The presumption being that the appearance is authorized, the plaintiff is justified in relying upon it. He is therefore guilty of no wrong, and is entitled to prompt action on the part of the defendant, when he learns that an unauthorized judgment is rendered against him, which is valid upon the face of the proceedings.

Decree is affirmed, with costs.

HOOKER, C. J., McGRATH and LONG, JJ., concurred. MONTGOMERY, J., did not sit.