ALLURED *v.* VOLLER.

| 112 | 357 |
|-----|-----|
| 115 | 432 |
| 112 | 357 |
| 118 | 104 |
| 119 | 673 |
| 112 | 357 |
| 121 | 53 |

JUDGMENT—COLLATERAL ATTACK.

    A judgment which on its face shows jurisdiction imports absolute verity when attacked collaterally, and cannot be impeached by parol testimony that the court had no jurisdiction of the party against whom it was rendered.

Error to Osceola; McMahon, J.   Submitted February 10, 1897.   Decided April 27, 1897.

Ejectment by Robert A. Allured against James H. Voller.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*M. Brown*, for appellant.
*C. H. Rose*, for appellee.

MONTGOMERY, J.   This case was once before the court, and is reported in 107 Mich. 476.   On the former hearing, the question presented was whether the acceptance of service, accompanied by authority to the plaintiff to proceed as in case of actual service of the writ, conferred jurisdiction upon the circuit court of Osceola county, it appearing that the acceptance was made in another county. It was held that inasmuch as the writing was more than a mere acceptance of service, and contained an authorization to proceed with the case, it gave jurisdiction.   On the second trial of the case defendant sought to show that this

acceptance of service was not in fact signed by the defendant in the original action brought by plaintiff against Pierson; and whether it was permissible to make this appear by parol testimony, in contradiction of the record, presents the sole question for consideration in the case.

The question is not novel, or, if it be determined on authority, uncertain, nor do we deem it a doubtful one on principle. If it were permitted, in a collateral action, to impeach the validity of a judgment roll, by facts *aliunde* the record, a party relying upon such a judgment would never know how to shape his case for trial, or what multitude of issues he might be required to meet. Hence the rule that a judgment which on its face shows jurisdiction imports absolute verity, when attacked collaterally. See 1 Freem. Judgm. § 124, and Van Fleet, Coll. Attack, § 468, in which place it is said:

"On principle, a judicial proceeding is never void because the proof of service is false in fact. Such proof is a necessary part of the record, and to permit its verity to be questioned collaterally overturns the very foundations of all judicial proceedings."

See, also, the cases cited in the same section. And see *Landon* v. *Comet*, 62 Mich. 91; *Somers* v. *Losey*, 48 Mich. 294; *Corbitt* v. *Timmerman*, 95 Mich. 581.

Some reliance is placed by counsel upon the language of Mr. Justice Champlin in *Eureka Iron & Steel Works* v. *Bresnahan*, 66 Mich. 495, as follows:

"It is a well-settled principle of law that the judgment of a court which has jurisdiction of the person and subject-matter is binding until reversed, and cannot be attacked collaterally. No offer was made to show that the court had no jurisdiction over the person of defendant or subject-matter. On the contrary, the record showed due service, and the court had jurisdiction of the subject-matter. The record therefore imported absolute verity, and could not be contradicted. But this rule applies only to parties and their privies. It does not apply to such third persons or strangers to the record as would be prejudiced in regard to some pre-existing right if the judgment were given full credit and effect."

We discover no holding in this case inconsistent with the general rule. The language does not even contain a *dictum* in favor of the contention of defendant. The most that can be said is that it is open to the implication that, if an offer of proof to show that the court had no jurisdiction had been made, it might have been entertained. There is no indication of a purpose to overturn the settled rules of law upon this subject. It is true that in New York, and possibly in one or two other States, this rule has not always been adhered to; but the weight of authority is decidedly in favor of the contention of plaintiff in this case.

The learned circuit judge upheld the proceedings, and the judgment will be affirmed.

The other Justices concurred.