MILLER v. SMITH.

JUSTICES OF THE PEACE—JUDGMENT—COLLATERAL ATTACK.
    A judgment of a justice's court, regular upon its face, cannot
    be impeached in a collateral proceeding by showing that
    neither of the parties to the case in the justice's court was a
    resident of the county where the justice resided.

Error to Kent; Adsit, J.  Submitted November 6, 1897.
Decided December 21, 1897.

Replevin by Nelson F. Miller against William H. Smith.
From a judgment for plaintiff on verdict directed by the
court, defendant brings error.  Reversed.

*Crane, Norris & Stevens,* for appellant.

*C. O. Smedley (John W. Powers,* of counsel), for ap-
pellee.

MOORE, J.  The plaintiff resides on the county line be-
tween Kent and Ottawa counties, in Ottawa county.
September 21, 1896, an Ohio corporation brought suit
against him before a justice of the peace living in Grand
Rapids, Kent county.  The summons was served in Kent
county, and regularly returned.  No attention was paid to
the summons by the defendant in the case before the
justice.  Judgment was rendered against him.  An execu-
tion was issued, and delivered to the defendant in this case,
who was a deputy sheriff.  The officer levied upon a quan-
tity of potatoes.  The plaintiff in this case replevined
them, and by direction of the judge a verdict was returned
in favor of the plaintiff.

The defendant bases his right to hold the property upon
the execution which was in his hands.  There was nothing
in the summons, the declaration, or the docket entries
made by the justice which made it appear that Mr. Miller

was not a resident of Kent county at the time the summons was served upon him. That fact was made to appear for the first time by his parol testimony in the replevin case. The question involved is, Can a judgment of a justice's court, regular upon its face, be impeached in a collateral proceeding by showing that neither of the parties to the case in the justice's court was a resident of the county where the justice resided? It is the claim of the plaintiff that such a judgment can be impeached, and he cites *Hall* v. *Shank*, 57 Mich. 36. There is language used in this opinion from which the inference claimed by the plaintiff can be drawn. It is stated, however, in the opinion, that the facts were not controverted, and from them it appeared that, when the suit was commenced before the magistrate, none of the parties were residents of the county of Kent, and personal service was had upon but one of the defendants; that, on the return day of the summons, none of the defendants appeared, and the justice, upon his own motion, adjourned the cause from March 31st to April 5th. The court held that by this adjournment the justice lost jurisdiction. This disposed of the case without it being necessary to use the language used by Justice Sherwood when he said: "It is not competent, under 2 How. Stat. § 6819, for a plaintiff to sue a defendant in justice's court, where they are both residents of this State, in a county where neither of them resides." This was undoubtedly a correct statement of the law, but the question remains, When must the objection be made to the jurisdiction of the court? Should it be made in the case where the court seeks to take jurisdiction of the person when it has not jurisdiction under the law, or may the question be raised at any time, in a collateral proceeding as well as in the original proceeding?

It is claimed on the part of the appellee that justices' courts are of limited and inferior jurisdiction, and are confined strictly to the authority given them by the statute, and should be held to the exact limits of jurisdiction prescribed by the statute. *Wight* v. *Warner*, 1 Doug.

(Mich.) 386; *Clark* v. *Holmes*, Id. 398; *Spear* v. *Carter*, 1 Mich. 19; *Shadbolt* v. *Bronson*, Id. 89; *Wall* v. *Trumbull*, 16 Mich. 249; *King* v. *Bates*, 80 Mich. 367 (20 Am. St. Rep. 518). The cases in 1 Doug. and 1 Mich. were decided before section 1, art. 6, of the Constitution of 1850 was adopted, which reads:

"The judicial power is vested in one Supreme Court, in circuit courts, in probate courts, and in justices of the peace."

Section 18 is as follows:

"In civil cases, justices of the peace shall have exclusive jurisdiction to the amount of $100, and concurrent jurisdiction to the amount of $300, which may be increased to $500, with such exceptions and restrictions as may be provided by law. They shall also have such criminal jurisdiction, and perform such duties, as shall be prescribed by the legislature."

Section 6814, 2 How. Stat., provides that a justice of the peace "shall have original jurisdiction of all civil actions wherein the debt or damages do not exceed the sum of $100."

Section 6817, 2 How. Stat., provides:

"Each of said courts is hereby vested with all such powers, for the purpose of exercising jurisdiction conferred by this chapter, as are usual in courts of record, except the power of setting aside a verdict and arresting judgment thereon."

These provisions were not contained in the Constitution prior to that date, so that those cases do not now control. The case of *Wall* v. *Trumbull*, *supra*, did not relate to a proceeding in court, but related to the action of one who was a supervisor. The case of *King* v. *Bates*, *supra*, does contain the statement that justices' courts are courts of limited jurisdiction, but it holds that it is not competent to show by parol such a state of facts as would confer upon the court jurisdiction, when the docket and files do not show that the court had jurisdiction.

The decisions of the courts in relation to the question

involved in this case are not uniform. Decisions of very respectable courts can be found which sustain the claim of the appellee. In *Hamilton* v. *Millhouse*, 46 Iowa, 75, it was said:

"The only question presented is whether the judgment of the Keokuk county justice of the peace is void for want of jurisdiction. The Code provides that jurisdiction of justices of the peace does not embrace suits for the recovery of money against actual residents of any other county. The agreed statement upon which the cause was submitted shows that the plaintiff in this action, at the time of the rendition of the judgment against him, was an actual resident of Washington county, whilst the judgment against him was rendered in Keokuk county. Appellant insists that, as the notice was duly served on Hamilton in Keokuk county, the justice, upon the face of the notice, acquired jurisdiction, and that Hamilton should have appeared, and pleaded the want of jurisdiction. But this construction would deprive a party of any practical benefit of the provision denying jurisdiction to justices of the peace in actions against residents of other counties. In many cases it would be cheaper to suffer judgment to go by default than to travel to a remote part of the State to interpose the defense of a want of jurisdiction. It would be exceedingly inconvenient if a party traveling through the State may be sued in any township at which a railroad train stops long enough for service of notice to be made, and can only interpose the fact of want of jurisdiction by employing counsel to represent him, or appearing personally."

Counsel for appellee also cite the case of *Ferguson* v. *Crawford*, 70 N. Y. 253 (26 Am. Rep. 589), which holds that judgments of courts of record may be impeached by parol. This last case, as will hereafter appear, is contrary to the decisions of this court.

In *Barnes* v. *Harris*, 4 N. Y. 375, it was held that in a suit commenced before a justice of the peace by a long summons, which was duly served by a constable of the county, the defendant is *prima facie* amenable to the jurisdiction; that, if the defendant is not a resident of the county, he should appear in the case, and take objection.

This case was doubtless overruled by *Ferguson* v. *Crawford, supra*. In *Brooks* v. *Powell*, (Tex. Civ. App.) 29 S. W. 809, it was held that, in a collateral suit, parol testimony could not be introduced to attack the jurisdiction of a justice of the peace. "The judgment must be held to import absolute verity, and not subject to collateral attack."

In *Fulkerson* v. *Davenport*, 70 Mo. 541, it was held, in a case where the transcript of a judgment in justice's court recited that a summons was duly executed, etc., and a judgment by default was taken:

"A judgment by default in a justice's court, it is conceded, cannot be upheld unless the record shows that the defendant was served with process in the proper township; but the record of these two judgments does show on its face personal service in the township where the suit was brought, and, as was held by this court in *Franse* v. *Owens*, 25 Mo. 329, it will be presumed, in the absence of evidence to the contrary, that the defendant resides in such township. The jurisdiction of the person and the subject-matters appears on the record, and the only way for the defendant to avoid this was to appear before the justice as he was notified to do, and establish the facts which he now proposes to prove in this collateral proceeding. A judgment regular on its face cannot be impeached collaterally. 2 Freem. Judgm. § 524; *Fagg* v. *Clements*, 16 Cal. 389."

In *Gregory* v. *Bovier*, 77 Cal. 121, the same doctrine is held. See, also, *Hume* v. *Conduitt*, 76 Ind. 598.

In *Reed* v. *Gage*, 33 Mich. 179, it was held that a judgment in justice's court could not be attacked collaterally upon the ground of failure to make proof of the authority of the attorney of the plaintiff to appear. In *Somers* v. *Losey*, 48 Mich. 294, it is held that, where a judgment in justice's court is regularly rendered, and not appealed from, it cannot be attacked collaterally on the ground that the suit should have been brought in the name of a different official plaintiff. In *Smith* v. *Pearce*, 52 Mich. 370, where a mechanic sued for his wages, and made the owner of a building on which he

worked a joint defendant with the contractor who hired him, it was held that, though the defendant was not liable personally in justice's court, and the justice erred in rendering judgment against him, and the error would render the judgment liable to reversal on appeal or *certiorari*, the judgment should be assailed in the regular way, and not attacked collaterally. See *Township of Fruitport* v. *Muskegon Circuit Judge*, 90 Mich. 20.

In the recent case of *Allured* v. *Voller*, 112 Mich. 357, there is a discussion of the doctrine of collateral attack, in which Mr. Justice MONTGOMERY uses this language:

"On the second trial of the case, defendant sought to show that this acceptance of service was not in fact signed by the defendant in the original action brought by plaintiff against Pierson; and whether it was permissible to make this appear by parol testimony, in contradiction of the record, presents the sole question for consideration. The question is not novel, or, if it be determined on authority, uncertain, nor do we deem it a doubtful one on principle. If it were permitted, in a collateral action, to impeach the validity of a judgment roll by facts *aliunde* the record, a party relying upon such a judgment would never know how to shape his case for trial, or what multitude of issues he might be required to meet. Hence the rule that a judgment which, on its face, shows jurisdiction, imports absolute verity, when attacked collaterally. See 1 Freem. Judgm. § 124, and Van Fleet, Coll. Attack, § 468, in which place it is said: 'On principle, a judicial proceeding is never void because the proof of service is false in fact. Such proof is a necessary part of the record, and to permit its verity to be questioned collaterally overturns the very foundations of all judicial proceedings.' See, also, the cases cited in the same section. And see *Landon* v. *Comet*, 62 Mich. 91; *Somers* v. *Losey*, 48 Mich. 294; *Corbitt* v. *Timmerman*, 95 Mich. 581. * * * It is true that in New York, and possibly in one or two other States, this rule has not always been adhered to; but the weight of authority is decidedly in favor of the contention of plaintiff in this case."

It is true that this was a judgment of a court of record, but I cannot see why the doctrine there announced should not apply to judgments rendered in justices' courts, where

the records show that the court had jurisdiction of the person.    It would not seem to be any great hardship to require one who has been regularly served with process, who desires to question the jurisdiction of the court, to appear before the court, and by proper plea or motion make an issue, and have it determined then and there, instead of waiting until some indefinite time in the future, when it might be impossible, for want of proof, to decide the question according to the fact.    It is not difficult to conceive of a case where it is almost, if not quite, impossible for a plaintiff to know where a defendant resides, though the fact, of course, is known to the defendant.    Why should not the defendant, in such a case, when proper service has been made upon him, try the question in the original proceeding, instead of delaying until the witnesses who know the facts are perhaps forgotten, or dead, and the original claim outlawed ?    I think, not only is the weight of authority in favor of the doctrine that a judgment of this character cannot, in a collateral proceeding, be impeached by parol, but that it is in accordance with good sense and common honesty.

Judgment is reversed, and new trial ordered.

The other Justices concurred.