McCormick Harvesting Machine Company v. Halvorson.

1. A justice of the peace, after entering a final judgment in his docket, on which the defeated party has taken steps for an appeal, cannot, on his own motion, change the entry to show that the action was dismissed on motion of plaintiff, rather than of defendant, as recited in the entry.

2. Dismissal of action, on *ex parte* application of defendant, seven days after change of venue was had therein, at his instance, from the justice of the peace before whom it was brought to another,—there being no agreement of the parties as to time of trial, or notice by the justice stating time and place of trial, as required by Comp. Laws, § 6047,—is error.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action by the McCormick Harvesting Machine Company against John Halvorson. From a judgment of the circuit court reversing a judgment of a justice of the peace for defendant, he appeals. Affirmed.

The facts are stated in the opinion.

*Kate Rochford* and *J. E. McMahon,* for appellant.

*Keith & Warren,* for respondent.

Fuller, J.   On appeal by plaintiff to the circuit court, a judgment of a justice of the peace dismissing its action, and for costs taxed against it at $32.60, was reversed; and the defendant, in favor of whom said judgment was rendered, appeals to this court.

The judgment as rendered by the justice, and as shown by his docket when the notice of appeal and proposed statement of the case were filed and served, purports to have been entered upon the *ex parte* application of the defendant as follows: "This 27th day of August, 1897, case brought into this court on change of venue from city justice court, and transcript and summons filed, and action docketed; and now, on September 3, 1897, defendant comes into court, and moves the dismissal, without prejudice, of this action, and said action is hereby dismissed, without prejudice, at plaintiff's costs, and judgment is hereby rendered against the said plaintiff and in favor of the defendant for $32.60.   O. A. Fowler, Police Justice."   The errors of law then relied upon for a reversal on appeal to the circuit court were:   "(1) That the said police justice, O. A. Fowler, erred in rendering judgment in said action in favor of the defendant and against the plaintiff; (2) that the said police justice, O. A. Fowler, erred in rendering judgment in said action, for the dismissal thereof, and for costs in favor of defendant, without having issued any notice to the parties to said action, stating the time and place when and where said action would be tried, and without serving such notice on the said

plaintiff, as required by law; (3) that the said justice had no jurisdiction of said action, and had no jurisdiction to dismiss the same, or to render judgment therein, or to take any other step or proceeding in said action; (4) that the said judgment rendered by said justice was without jurisdiction, and is wholly void." Several days after the foregoing steps were taken, counsel for the defendant, ostensibly with the sanction of the justice, but without any notice to plaintiff, altered the docket entry above quoted by striking therefrom the word "defendant," and by inserting in its stead the word plaintiff"; thus making it appear that the action was dismissed upon plaintiff's motion, instead of that of the defendant. Thereafter in response to an order to show cause why he should not forthwith certify a true copy of his docket to the circuit court, as the same formerly existed, said justice certified that the action was dismissed on plaintiff's motion, and that, upon entering the same upon his docket, a mistake was made by inadvertently using the word "defendant" instead of "plaintiff," and when the error was discovered the change was made, but without the knowledge or consent of plaintiff or its counsel.

By assuming, as we may, that the judgment, as formerly docketed and entered by the justice, was erroneous in the material particulars claimed, and that the change was made in good faith by some one several days later, we are relieved from considering numerous affidavits presented to the trial court involving questions of veracity and moral turpitude, because, in legal significance, the cogent fact is that the alteration was unauthorized and void in any event. After a justice of the peace has once entered a final judgment in his docket, upon which a defeated litigant has proceeded with reference to an appeal, it

would be most dangerous to hold that he may, in seclusion, and upon his own motion, review such judgment for the purpose of correcting what he considers to be mistakes. That portion of the record which we deem unnecessary to publish furnishes a striking object lesson, directly in point, as to the disastrous effects of such a doctrine. As a matter of law, the power of the justice to change his docket with respect to the parties or subject matter had ceased, and the attempted change was extrajudicial and without force. People v. Delaware Common Pleas, 18 Wend 558; Foist v. Coppin, 35 Ind. 471; Fox v. Meacham, 6 Neb. 530; Foster v. Alden, 21 Mich. 508. Even in a court of general jurisdiction, a judgment, once entered, must stand until modified, vacated, or disposed of by some process prescribed by law, and every unauthorized alteration may well be disregarded. Nuckolls v. Irwin, 2 Neb. 60; 1 Black Judgm. 163.

Ignoring, as the trial court very properly did, the substitution of the word "plaintiff" for "defendant," it appears that the action was instituted before City Justice A. B. Wheelock, and at the instance of the defendant a change of venue was had to Police Justice Fowler, in whose court the papers were filed on the 27th day of August, 1897. On the 3d day of the following month, judgment of dismissal, and for costs against plaintiff, was entered upon the *ex parte* application of defendant, in the absence of any agreement of the parties as to the time of trial, and without the service or issuance of a notice by said justice stating when and where the trial would take place, as required by Section 6047 of the Compiled Laws. Under such circumstances, the court was fully justified in reversing the justice, and in remanding the case for a new trial. The judgment appealed from is affirmed.