148  281
f154  ²657

AMERICAN COPYING CO. *v.* STERN.

1. JUSTICES OF THE PEACE—VENUE—NONRESIDENT PARTIES,
   When a nonresident plaintiff brings suit in justice's court he is not required to bring it in the township of the defendant's residence or an adjoining township. *Weaver* v. *Rix*, 109 Mich. 697, followed.

2. JUDGMENT — JUSTICES OF THE PEACE— COLLATERAL ATTACK— IRREGULARITIES.
   Objections to a judgment of a justice of the peace that he made an unauthorized adjournment, that he did not require security for costs, the plaintiff being a nonresident, and that no notice was given of a commission to take a deposition, relate to irregularities in the proceedings after the court had acquired jurisdiction of the parties and the subject-matter of the suit, and cannot be raised by motion to set aside the judgment and levy of the execution thereon.

Certiorari to Kalamazoo; Adams, J.   Submitted April 10, 1907.   (Docket No. 46.)   Decided April 30, 1907.

Assumpsit in justice's court by the American Copying Company against Herman Stern for goods sold and delivered.   There was judgment for plaintiff, and a transcript filed in the circuit court.   From an order denying a motion to vacate said judgment, defendant brings certiorari.   Affirmed.

Plaintiff, a nonresident corporation, brought suit before a justice's court in the township of Brady, in the county of Kalamazoo, against the defendant, a resident of the city of Kalamazoo.   The summons was personally served upon the defendant in that city.   On the return day, defendant not appearing, the court, at the request of the plaintiff's attorney, granted an adjournment from May 26th until June 9th, for the purpose of taking a deposition

in Chicago, Ill.  The return of the justice does not show whether the plaintiff made an affidavit to obtain the adjournment.  The commission was issued and the deposition returned before the adjourned day and filed with the justice.  The plaintiff did not furnish security for costs before the issuance of the writ or afterwards.  Execution was issued by the justice and returned nulla bona.  A transcript of judgment was filed in the circuit court, judgment and execution entered thereon, and levy made upon real estate of the defendant.  The defendant then appeared in the circuit court and moved that the judgment be vacated and the levy set aside.  The motion was denied, and the case is now before us for review upon the writ of certiorari.

*William A. Luby*, for appellant.

*Jesse R. Cropsey*, for appellee.

GRANT, J. (*after stating the facts*).  Four objections are assigned to the validity of the judgment:

1. That the court obtained no jurisdiction because the plaintiff and defendant were nonresidents of the township of Brady, and that that township did not adjoin the city of Kalamazoo.

2. That the adjournment was unauthorized.

3. That no security of costs was given.

4. That no notice was given of the issuance of the commission to take the deposition.

The first objection is ruled against the defendant by the case of *Weaver* v. *Rix*, 109 Mich. 697, the facts of which are parallel to those in this case.

The other objections raised are collateral attacks upon the judgment, and cannot be considered.  These objections should have been made in the original  suit.  They relate to irregularities in the proceedings after the court had acquired jurisdiction of the parties and of the subject-matter of the suit.  *Reed* v. *Gage*, 33

Mich. 179; *Mayhew* v. *Snell,* 33 Mich. 182; *Harris* v. *Doyle,* 130 Mich. 470; *Miller* v. *Smith,* 115 Mich. 427; *Deitz* v. *Groesbeck,* 32 Mich. 303.

Judgment affirmed.

MCALVAY, C. J., and CARPENTER, BLAIR, and OSTRANDER, JJ., concurred.