THE GALBREATH MORTGAGE COMPANY v LIBBY

Attorney and Client—Judgment—Default Judgment.

> A party wishing to question his representation by an attorney who appears on the party's behalf should do so promptly and unequivocally; a trial court properly denied a defendant's motion to set aside a default judgment, on the basis that the defendant was never served with process and had not authorized his representation by the attorney who appeared for him, where the defendant had notified the plaintiff's attorney in writing that arrangements for the representation by that attorney were being made and where the plaintiff's attorney properly relied upon the representation.

Appeal from Kent, R. Stuart Hoffius, J. Submitted April 6, 1977, at Grand Rapids. (Docket No. 28676.) Decided May 17, 1977. Leave to appeal applied for.

Complaint by The Galbreath Mortgage Company against Dale D. Libby, Anne J. Libby, and others to foreclose a mortgage and for a deficiency judgment. Default judgment for plaintiff. Defendants Libby appeal from the denial of their motion to set aside the default. Affirmed.

*McShane & Bowie* (by *Thomas C. Shearer*), for plaintiff.

*Russell, Ward & Hodgkins,* for defendants.

Before: D. E. Holbrook, Jr., P. J., and Quinn and Allen, JJ.

Quinn, J. The action in which this appeal was

Reference for Points in Headnote
7 Am Jur 2d, Attorneys at Law § 140.

taken was to foreclose a mortgage and for a deficiency judgment. Dale D. Libby and Anne J. Libby were guarantors of the mortgage and two of the named defendants. They are the appellants and will hereafter be referred to as defendants. Dale D. Libby is a licensed, practicing attorney.

The judgment confirming sale and for a deficiency judgment was taken by default regularly entered. The only issue before the Court for review is whether the trial court abused its discretion in denying defendants' motion to set aside the default. For this reason, it is not necessary to recite the complicated facts involved.

Suit was filed February 19, 1975. By letter dated February 18, 1975, plaintiff's attorney advised defendants of the suit. By letter dated February 21, 1975, Dale D. Libby replied in part:

"I received your letter, dated February 18, 1975, today and contacted Bernard L. Covington on the same. He said he would retain Walter E. Reebel, an attorney in Southfield, Michigan, to represent all of the defendants, including Mrs. Libby and me."

On February 25, 1975, Mr. Reebel appeared as attorney for defendants, among others, and on March 10, 1975, Mr. Reebel acknowledged receipt of summons, complaint, motion for appointment of receiver and preliminary injunction and notice of hearing. Thereafter and until March 11, 1976, plaintiff's attorney dealt with and served papers on Mr. Reebel.

October 3, 1975, affidavits of default were filed. October 24, 1975, a motion for default judgment was filed, and October 31, 1975, order for default judgment was filed and entered. February 6, 1976, plaintiff's motion for order confirming sale and for deficiency judgment was filed and noticed for hear-

ing February 13, 1976. Due to adjournments, this motion was finally heard March 19, 1976.

On March 11, 1976, defendants appeared by present counsel and simultaneously filed a motion to set aside the default pursuant to GCR 1963, 520.4 and 528.3(6). This motion was "for the reason that the court did not then have jurisdiction over said defendants, as more fully appears from the affidavits of Dale D. Libby and Anne J. Libby submitted herein".

During defendants' oral argument on the motion to set aside the default, the only reasons advanced for doing so were that defendants were never served with process and never authorized Mr. Reebel to appear for them.

It is true that the record does not contain proof of personal service on defendants nor direct authorization from defendants to Mr. Reebel for his representation of them. However, when Mr. Libby's letter of February 21, 1975 is considered together with Mr. Reebel's subsequent actions in representing defendants, we find that plaintiff's attorney properly relied on Mr. Reebel's representation of defendants. If defendants were to question that representation, they should have done so promptly and unequivocally, *Corbitt v Timmerman,* 95 Mich 581; 55 NW 437 (1893). We find no abuse of discretion by the trial judge in denying defendants' motion to set aside the default for the reasons they presented to the trial judge.

Two reasons exist for not considering the other issues raised on appeal: neither was presented to the trial judge and are therefore not preserved for review, and with the default sustained, they are not before us.

Affirmed with costs to plaintiff.