PETERSEN *v.* PHELPS.

PROCESS—SERVICE—EVIDENCE.

> In a suit by a wife to set aside a judgment against herself and her husband in so far as it applied to her, on the ground that in the action in which said judgment was obtained she was not served with process, evidence *held*, to support the finding of the court below that plaintiff was personally served with process in said action.

Appeal from Montcalm; Davis (Frank D. M.), J. Submitted January 30, 1923.   (Docket No. 96.)   Decided March 22, 1923.

Bill by Gertie Petersen against Eveline Phelps to set aside a judgment.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*L. C. Palmer* and *Griswold & Cook,* for plaintiff.

*Hawley, Eldred & Gemuend,* for defendant.

MOORE, J.   The plaintiff filed this bill of complaint for the purpose of having a judgment obtained against her and her husband in favor of the defendant on the 9th of March, 1915, set aside so far as it applied to her, and to have a levy made on her property declared void.   It was the claim of the plaintiff that process was not served upon her in the suit in which judgment was obtained.   The chancellor found as a fact that plaintiff was served with process and dismissed the bill of complaint.   The case is brought here by appeal.

Upon the trial it was stated by counsel for the plaintiff that, if process was served upon her, this case must fail.   We quote from the brief of counsel:

"Counsel of the plaintiff conceded on the trial of the case that the only question was whether the plaintiff, Gertie Petersen, has been served with process by which suit against her was commenced. Upon that question we have taken this appeal and insist that the evidence is overwhelmingly in favor of the plaintiff's contention."

A brief statement of the dealings between the parties is desirable. In March, 1913, Mr. Petersen bought a farm from Mr. and Mrs. Phelps, and gave a mortgage upon it for $2,500, the proceeds of which were paid to Mr. Phelps. At the same time a second mortgage was given by Mr. and Mrs. Petersen for $1,100, and a note collateral to said mortgage was given as follows:

"Greenville, Mich., March 29, 1913.    $1,100.

"On or before eleven years after date, for value received, I promise to pay to the order of Melvin Phelps and Eveline Phelps, his wife, and the survivor of them eleven hundred and no/100 dollars at the Greenville State Bank, with six per cent. interest, payable annually from date until paid. Payable at the rate of one hundred dollars per annum.

"It is expressly agreed that if the interest money above agreed to be paid shall become due and remain unpaid 30 days the whole amount of principal and interest shall, at the option of the holder hereof, forthwith become due and collectible, according to the conditions of a certain mortgage, bearing even date herewith, and collateral hereto. The maker and indorser hereof waive notice of dishonor and protest.

"CLARENCE M. PETERSEN,
"GERTIE PETERSEN."

On the same day a lease was made between Mr. and Mrs. Petersen and Mr. and Mrs. Phelps by which the latter were to occupy some of the premises for an agreed rental, which amounts were to be applied on the principal of the second mortgage. The note and second mortgage were not paid and, January 26, 1915, Mrs. Phelps. whose husband was then dead, commenced

suit by declaration, and on March 9, 1915, obtained judgment against Mr. and Mrs. Petersen for the sum of $1,205.33, and costs.

The declaration was put in the hands of a constable for service, who made a sworn return on the declaration, we quote:

"That on the 20th day of January A. D. 1915, he served the declaration of which the annexed is a copy, on Clarence M. Petersen and Gertie Petersen, the defendants named in said declaration, by delivering to each of said defendants at the city of Greenville in said county of Montcalm, a true copy thereof; and of the annexed copy of note and the notice relating thereto, together with a true copy of the notice to appear and plead attached thereto, as hereto attached."

It was the claim of Mrs. Petersen that this return was not true and that she was not in Greenville on the 20th of January, 1915, but that she was at home on that date. She so testified and some of her relatives testified to the same effect. Upon the trial the constable was sworn and testified that his return on the declaration was true. It was admitted that Mr. Petersen was served with process as stated.

The chancellor had no difficulty in reaching the conclusion that Mrs. Petersen was personally served with process and a careful reading of the record leads us to the same conclusion. See *Allured* v. *Voller*, 112 Mich. 357; *Miller* v. *Smith*, 115 Mich. 427 (69 Am. St. Rep. 583); *Rorabacher* v. *Walsh*, 170 Mich. 59.

The decree is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.