## GAREY *v.* MORLEY BROTHERS.

1. JUDGMENT—PROCESS—EQUITY—JURISDICTION.

   Although a judgment regular upon its face may not be impeached in a collateral proceeding by showing a lack of service, a court of equity has the power to relieve against a judgment so obtained in a suit brought for that purpose.[1]

2. PROCESS—IMPEACHING OFFICER'S RETURN—BURDEN OF PROOF.

   More convincing proof must be submitted by one attacking the validity of a judgment by impeaching the officer's return, which is in effect a charge of fraud, to create a preponderance of the proof, than is required in civil cases.[2]

3. SAME—UNCORROBORATED TESTIMONY INSUFFICIENT TO OVERCOME OFFICER'S RETURN.

   In a suit to set aside a default judgment, alleged to be void for lack of personal service on the defendant in that case, his uncorroborated testimony that he was not personally served with process is *held*, insufficient to overcome the officer's return, made under oath, that personal service was had.[3]

---

[1]Judgments, 34 C. J. § 702; Process, 32 Cyc. p. 514; [2]Id., 32 Cyc. p. 517; [3]Id., 32 Cyc. p. 517.

Cross-appeals from Genesee; Black (Edward D.), J. Submitted April 6, 1926. (Docket No. 2.) Decided June 7, 1926.

Bill by Lloyd H. Garey against Morley Brothers to set aside a default judgment and to enjoin garnishment proceedings. From the decree rendered, both parties appeal. Reversed, and decree entered for defendant.

*Gault & Parker,* for plaintiff.

*O'Keefe & O'Keefe,* for defendant.

SHARPE, J. Defendant appeals from a decree setting aside a default judgment recovered by it against plaintiff in justice's court in the city of Flint. Plaintiff also appeals from the denial of costs. The bill alleges that the judgment was void because plaintiff had not been personally served with process. The return of the deputy sheriff indorsed on the summons showed that such service had been made.

The English courts have consistently held that the return of an officer is conclusive as between the parties and that the remedy of a party injured by a false return is by action against the officer on his official bond, unless the false return was procured by the plaintiff with knowledge of its falsity. This rule has been followed in the Federal courts (*Knox County* v. *Harshman,* 133 U. S. 152 [10 Sup. Ct. 257]), and in many of the State courts. 32 Cyc. p. 514; 21 R. C. L. p. 1321. While this court has many times held that when a judgment is regular upon its face it may not be impeached in a collateral proceeding by showing a lack of service (*Michels* v. *Stork,* 52 Mich. 260; *Johnson* v. *Mead,* 73 Mich. 326; *Allured* v. *Voller,* 112 Mich. 357; *Miller* v. *Smith,* 115 Mich. 427 [69 Am. St. Rep. 583]), it is the rule in this State, and we think the better one, that a court of equity has the power to

relieve against a judgment so obtained in a suit brought for that purpose. *Wilcke* v. *Duross,* 144 Mich. 243 (115 Am. St. Rep. 394); *Gregor* v. *Olde,* 209 Mich. 43; *Petersen* v. *Phelps,* 222 Mich. 236; *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich. 207. A judgment rendered by a justice of the peace may be so attacked. *Miller* v. *Smith, supra.*

The more serious question is whether the proof submitted justified the decree. The plaintiff herein, as a witness, denied that service had been made upon him. The return shows that he was served. No other proof was offered. Both the officer who made return and the justice who rendered judgment were dead at the time of the hearing. Plaintiff admitted that he was well acquainted with the officer, so no question of mistaken identity is presented.

The charge is, in effect, that the judgment was procured by fraud. While it may be said that a preponderance of the proof is all that is required in civil cases, yet this court has repeatedly held that, to impeach the verity of a written instrument on the ground of fraud, more convincing proof must be submitted to create a preponderance than where the contract rests in parol. *Brooks* v. *Culver,* 168 Mich. 436; *Schiessler* v. *Pierce,* 225 Mich. 91; *Brucker* v. *Welch,* 226 Mich. 535. No less burden rests upon one who attacks the validity of a judgment by impeaching the officer's return of service. *Clabaugh* v. *Wayne Circuit Judge, supra.* In 3 Freeman on Judgments (5th Ed.), 2560, it is said:

"But even though a return of service may be contradicted, it is presumptively correct and can only be overcome by a clear and unequivocal showing; and in some States requires the testimony of more than one witness. It would work the greatest mischief if after a judgment is taken it could be set aside upon the slippery memory of the defendant, perhaps years thereafter, that he had not been served."

The rule thus stated has, we think, been followed in all the reported cases. We quote from but one. In *Oertel* v. *Pierce*, 116 Minn. 266 (133 N. W. 797, Ann. Cas. 1913A, 854), it is said—

"that courts should proceed with caution in overturning the certificate of an officer charged with the duty of serving process, and should require unequivocal, clear, and convincing evidence of the falsity of the returns attacked before doing so."

Giving due weight to the denial of the plaintiff, we are impressed that it does not preponderate over the weight as evidence which should be given to the officer's return. In our opinion, the return has greater weight than the uncorroborated testimony of the plaintiff. It is made by an officer under the sanctity of his official oath and under bond for the faithful performance of his duties.

The English, Federal, and State authorities above referred to, which hold that an official return of service may not be impeached, all seem to agree that, if proof of service be made by affidavit, it may be attacked. 3 Freeman on Judgments (5th Ed.), 2557.

If we should hold on this record that the testimony of the plaintiff is sufficient to establish the falsity of the return, many judgments, taken by default after due return of personal service, could be set aside, although the time for bringing suit might be barred by the statute of limitations.

The conclusion we have reached, while it may seem unjust to the plaintiff, is, we believe, the only safe one to adopt in view of the many interests that may be affected thereby.

The decree rendered in the circuit court is reversed, and one may be entered here dismissing plaintiff's bill of complaint, with costs of both courts to defendant.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.