SCHLUSSEL *v.* RUHF.          ᴼᶠ

APPEAL AND ERROR—JUDGMENT—PROCESS—BURDEN OF PROOF.
>    In suit to set aside judgment, levy, and sale thereunder, on
>    ground that no service was had upon plaintiff (defendant in
>    law case), where it cannot be said, upon the record, that plain-
>    tiff has sustained burden of proof by showing that he was not
>    so served, decree of court below in his favor is reversed, on
>    appeal.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted January 8, 1930. (Docket No. 58, Calendar No. 34,435.) Decided March 6, 1930.

Bill by Hyman A. Schlussel against Benjamin J. Ruhf and another to set aside a judgment. From a decree for plaintiff, defendants appeal. Reversed.

*Friedman, Meyers & Keys,* for plaintiff.

*Ira F. Morgan (Ambrose A. Hudock,* of counsel), for defendants.

NORTH, J. In February, 1925, the defendants herein instituted a suit at law against the plaintiff Schlussel and others. Default for nonappearance was entered against the defendant Schlussel, October 21, 1925; judgment by default was entered against all the defendants August 20, 1926; execution issued and levy was made October 21, 1927, upon property belonging to Schlussel. A sheriff's

sale followed, and about six months later Schlussel filed the bill of complaint herein and alleged:

"That no service whatsoever in said proceedings * * * was ever made upon this plaintiff; that this plaintiff did not know at any time, until he heard of the levy upon his property, that any suit had ever been commenced against him as defendant by the defendants herein."

Plaintiff seeks to have the judgment, levy, and sale set aside and held for naught. The defendants deny in their answer the claim made by the plaintiff that no service was obtained upon him in the suit at law. Testimony was taken in open court, and the trial judge seems to have found that plaintiff established his claim, and relief was granted to him. The defendants have appealed.

The controlling question is whether the plaintiff in this case has established by a preponderance of the evidence that service upon him of the summons in the law case was not made. His own testimony, which is not corroborated in any way, in substance is as follows:

"I was not at any time served with summons in that cause. I know what a summons is. I am absolutely certain that I was never served. * * * I looked through all the different memorandum that I had on that date and I couldn't find anything that showed I was elsewhere than at the office. I do not recall who was in my office at that time, and I have made every effort to ascertain just what I did on that date and I cannot find anything to indicate where I was on that date, and I did find a check drawn on that day to the department store."

Mr. Schlussel was an attorney, whose office at the time of the alleged service was in room 548 Penobscot Building, Detroit. The attorney for the de-

fendants in this case was the attorney for the plaintiffs in the case at law. For a period of years he had employed a Mr. Williams to serve process and other papers. Under the Michigan statute (3 Comp. Laws 1915, § 12425), it was permissible for a competent person of suitable age to serve a summons. The record contains no question relative to Mr. Williams' qualifications to make service. He testified as follows:

'' ''My writing appears on Exhibit 1 (the law summons), which you have shown me. It says 'Served 3–2.' That would be served on March 2, and my signature is on there. The facts stated in the affidavit (proof of service), are absolutely true. I marked 3–2 on that as that was the day I served each of the parties.''

On cross-examination he further testified:

''*Q.*   And you say you served Mr. Schlussel here?
''*A.*   I did, yes, sir.
''*Q.*   And you haven't seen him from the time you went to serve him until today?
''*A.*   I don't remember of seeing him again until today.
''*Q.*   Where did you serve him?
''*A.*   548 Penobscot Building.''

There was some question whether service might not have been made on Mr. Schlussel's brother. Had this been done, it would be a natural inference that the brother would have turned the process over to the plaintiff in this cause, but the latter has given no testimony of such a happening. As bearing upon the possibility of service having been made upon the brother, Mr. Williams testified, on cross-examination:

''I know Mr. Schlussel has a brother and I know him by sight. He does not resemble this party.

This man looks much younger and has a ruddier face, and the other man has grayish hair. I could not be mistaken as to the parties. Mr. Schlussel's brother looks older."

The proof of service under oath purports to have been made on the 2d of March, 1925, and the summons with the proof of service indorsed thereon was filed May 27, 1925. The attorney for Mr. and Mrs. Ruhf testified that he turned the summons over to Mr. Williams to be served. He produced a regularly-kept office record which contained a notation relative to entering Schlussel's default on October 15, 1925. With this to refresh his recollection, he testified that prior to the date of this entry and on two separate occasions he had talked with Mr. Schlussel relative to entering his default, and that on one occasion the conversation between them was as follows:

"Mr. Schlussel and I passed the time of day, and Mr. Schlussel said: 'What about that case of Bennett's?' I says, 'Well (I said) it is still drifting with no appearances; I would suggest you enter your appearance. I will wait, to have everything'—he said 'I will get one of the attorneys, or do it myself. I am awfully busy and I am in a hurry;' "

This witness also testified that on October 15, 1925, he wrote Mr. Schlussel the following letter:

"*Dear Sir:*

"This is to remind you, in accordance with my promise made to you a week ago last Saturday when I saw you in the Penobscot Building, that I would wait a little time for you to get your appearance in the case of *Ruhf* v. *Bennett* and yourself, and that you have not yet entered your appearance therein.
\* \* \*

"I do not want to take any undue advantage of you, but unless your appearance is received or filed

on or before October 20, 1925, at 12 o'clock noon, I will proceed to take your default according to law.''

It is also of some importance, as bearing upon plaintiff's testimony that he knew nothing of the law case until after the levy upon and sale of his property, to note that he admits in his cross-examination he talked over the telephone with the attorney representing the plaintiffs in the law case relative to garnishment proceedings instituted after judgment. He said:

''I talked with you over the telephone, and I thought you were going to garnish these people, the Donovans, and I told you at that time that I no longer had title to the property.''

At the conclusion of the proofs in the chancery case, the circuit judge made the following statement:

''I will tell you honestly, I am not fully satisfied there was a service in this case, notwithstanding the fact that the act of the man who was here, Mr. Williams, being in good faith. He does not impress me as being a man who would make a misstatement; but possibly he might be wrong about it; but it looks so unreasonable to me that this present plaintiff would neglect a thing of this kind that might result in the sale of his property, when he knows the effect of it —I don't believe any of us would do it.''

Later the trial judge stated:

''I will make an order, first, that in the present case the court is satisfied that there was a failure to make a lawful service in the law cause.''

Notwithstanding the circuit judge found as last above indicated, the record satisfies us that he had some serious doubt. Instead of entering an unconditional decree that the plaintiff herein be relieved

of all the consequences of the suit at law on the ground that there was no service, which is the only result that could have logically followed such a conclusion, relief was granted to him only upon condition that he would enter his appearance in the law case and file a bond in the penal sum of $2,500, conditioned to pay any judgment which might be obtained against him in that case. Upon compliance with these conditions, it was ordered that the present chancery case be consolidated with the law case. We need not discuss the propriety of imposing these conditions, but we note them as seeming to indicate that the circuit judge had some misgivings as to the plaintiff herein having established his claim that he was not served with process in the law case.

We are mindful that, in determining issues of fact, the trial judge in whose presence the witnesses appear and testify has an advantage in passing upon their credibility. Being thus mindful, we have given this record careful consideration. It would not be helpful to review all the testimony, but we think that the portion above noted, along with the other testimony in the case, sustains the contention of the defendants herein that Mr. Schlussel was served with process in the case at law. Certainly it cannot be said under this record that the plaintiff herein sustained the burden of proof by a showing that he was not so served. The decree of the lower court is reversed, and a decree will be entered here dismissing plaintiff's bill of complaint. Defendants will have costs in both courts.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.