## REVES *v.* HILLMER.

1. PROCESS—OPEN TO DIRECT ATTACK.

In suit to set aside judgment in justice's court for want of jurisdiction of person, officer's return of service may be attacked; said attack being direct and not collateral.

2. JUDGMENT—PROCESS—JURISDICTION—SETTING ASIDE JUDGMENT. Where, in suit to set aside judgment in justice's court for want of jurisdiction of person, testimony that officer served process on wrong person was convincing and not disputed, judgment was properly set aside.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted October 13, 1931. (Docket No. 88, Calendar No. 35,790.) Decided December 8, 1931. Rehearing denied March 3, 1932.

Bill by Earl J. Reves against John B. Hillmer to set aside a judgment for want of service. Decree for plaintiff. Defendant appeals. Affirmed.

*William L. Thorp,* for plaintiff.

*Arthur E. Koch* (*Charles C. Stewart,* of counsel), for defendant.

CLARK, J. The bill was filed to set aside a judgment as void for want of jurisdiction of the person, no service of process, and to enjoin execution thereon. Plaintiff had decree. Defendant has appealed.

The law action was in justice's court. The officer's return of service is that he served the summons personally on the defendant Reves, plaintiff here.

In the trial of the case before us, plaintiff testified that he was not served with the summons. Another witness named Harris testified that the officer served the summons on him under the mistaken belief or assertion that he was Reves. Defendant stood on the officer's return and offered no testimony.

Cases cited by appellant to the effect that the return of the officer is not open to collateral attack are not in point. This is a direct attack.

Granting that more convincing proof must be submitted by one attacking the validity of a judgment

by impeaching the officer's return than is ordinarily required in civil cases (*Garey* v. *Morley Brothers,* 234 Mich. 675), the evidence here is not disputed, and it is convincing.

The decree must be affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.