AUGUST *v.* COLLINS.

1. JUDGMENT — REGULARITY — PRESUMPTIONS — NOTICE — ATTACK —EVIDENCE.

Judicial proceedings, based upon records which are regular on their face, are presumed proper, so that attack, made over eight years after party sought to be held thereunder knew of his claimed liability, needs clear and convincing evidence to sustain it.

2. PROCESS—RETURN OF SERVICE—CORROBORATION OF DENIAL.

Corroborating evidence in denial of service of process is necessary in order to avoid liability where return of service showed defendant had been served and no proceedings were had to correct court records for over eight years after liability was claimed in action on appeal bond.

3. ATTORNEY AND CLIENT—APPEARANCE—RATIFICATION.

An attorney-at-law is presumed to have authority to represent a party litigant for whom he appears and failure of litigant with knowledge of such appearance to deny such authority and repudiate such appearance promptly and unequivocally works ratification.

4. SAME—ESTABLISHMENT OF RELATION.

Circumstances, presumptions and lack of litigant's denial of attorney's authority to sign an appeal bond upon which action was brought *held*, to have established fact that relation of attorney and client existed.

5. SAME—RATIFICATION.

A party ratifies action of his attorney in taking an appeal and giving an appeal bond where party was in court on personal service, was represented by authorized attorney and subsequently participated in the litigation.

6. SAME—PRACTICING BY EMPLOYEES.

An attorney who practices law 'through employees may not disclaim knowledge of their acts and escape responsibility for what they do.

7. APPEAL AND ERROR—MOOT QUESTION—JUDGMENT—AMENDMENT—SUMMARY PROCEEDINGS.

Question raised on appeal from order striking name of defendant from judgment in summary proceeding who was held not liable on an appeal bond in circuit court became moot where judgment for defendants on appeal bond was reversed on appeal in Supreme Court.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 19, 1933. (Docket No. 105, Calendar No. 37,102.) Decided December 19, 1933.

Summary proceedings by Isaac August and wife against James J. Collins and Barnard Toy Company, a Michigan corporation, to recover possession of land sold on land contract. Judgment for plaintiffs as to both defendants. Plaintiffs appeal from order striking name of defendant Collins from judgment. Action by plaintiffs against James J. Collins, Harold Smilay, Louis S. Cohane and Barnard Toy Company on bond given on appeal to circuit court. Judgment for defendants. Plaintiffs appeal. Appeals consolidated. Reversed, and remanded for trial as to damages.

*Samuel Shimans (John Sklar,* of counsel), for plaintiffs.

*Colby, Berns & Costello (Willard H. Bracklow,* of counsel), for defendant Collins.

*Charles F. Meyler,* for defendant Smilay.

*Arthur J. Abbott,* for defendant Cohane.

FEAD, J. The action is at law on an appeal bond in a summary proceeding. Defendants had judgment on trial before the court without a jury.

In 1923 plaintiffs sold a piece of real estate on contract to defendant Collins. In about a month Collins assigned his vendee's interest to Barnard Toy Company. The latter refused to make payments until Collins should be released from liability and plaintiffs produce a copy of the contract under which they held. Collins, under instructions and direction of Louis Cohane, vice-president and secretary of the Barnard Toy Company, represented the company in the negotiations with plaintiffs, which lasted some weeks and culminated in release of Collins and a payment on the contract by the company. Collins, under Cohane's direction, also handled negotiations regarding a subsequent instalment which the company refused to pay until vendors should furnish a copy of their contract of purchase but which they were unable to procure.

For default in payments, plaintiffs on July 3, 1923, commenced summary proceedings for possession before a circuit court commissioner, against Barnard Toy Company. The suit was dismissed because no notice of forfeiture had been served. They then served notice of forfeiture and, on July 20th, commenced new summary proceedings against

both Collins and the company. The reason for including Collins does not appear.

Process was returned served on both defendants, and Louis Cohane appeared and defended for them. Plaintiffs had judgment of possession against both defendants and appeal was taken in their behalf. The affidavit on appeal was made by Alfred Klunover as their duly authorized agent. Klunover was an attorney in the employ of Cohane, who had instructed him to take the appeal. The names of Barnard Toy Company and Collins were written on the bond in the signature place by Cohane and were followed by Klunover's name as duly authorized agent, written by himself. Klunover testified that Cohane told him to sign. Cohane said he instructed Klunover to obtain the signature of Collins and the president of the Barnard Toy Company, assumed he had done so, made no inquiry, and did not know the fact until some four years later, when Collins made an affidavit of non-execution of the bond.

On the first trial in circuit court the jury disagreed. On the second trial, April 22, 1924, plaintiffs, by direction of court, had judgment against both defendants. Defendants appealed to this court and the judgment was affirmed in July, 1927, 240 Mich. 23. Collins was a witness for defendants in both trials. Cohane appeared as attorney for both defendants. No stay bond was filed on appeal to this court.

Shortly after the judgment in circuit court Cohane, in behalf of Barnard Toy Company, began a suit in equity to restrain plaintiffs from taking possession of the premises; in behalf of defendants, proffered a belated stay bond, to which Collins' name was signed by Cohane as his attorney-in-fact; sought mandamus in this court to obtain approval of the bond and restrain possession; and commenced an

action for damages against plaintiffs for wrongfully
suing out a writ of restitution. In these various pro-
ceedings Cohane represented that proper appeal
bond had been filed in the summary proceedings.

This action was commenced in September, 1924,
to recover on the bond on appeal to circuit court.
Collins was served with process, knew the action was
on the bond, knew it was claimed he was a party to
the summary proceedings and bond and that he was
liable on the bond. He appeared by attorney and
demanded a bill of particulars. The original declara-
tion, filed November 11, 1924, recited the facts of his
liability but did not set up a copy of the bond. The
case laid dormant until after the decision in 240
Mich. 23. Amended declaration setting up copy of
the bond was filed in January, 1928. Collins pleaded,
with notice and affidavit, that the bond was not
signed by him or any duly authorized agent. The
other defendants gave notice of 13 special defenses
but did not deny execution.

February 25, 1928, on plaintiffs' motion for sum-
mary judgment, Collins broadened his claims and
made affidavit that the bond had not been signed by
him nor with his knowledge or consent, nor was
Klunover his agent or authorized to execute the
bond, and that he had been released from the con-
tract and had no interest in the property or sum-
mary proceedings. The other defendants then filed
amended pleas, including non-execution, upon the
claim that the bond was not valid as to them because
they had executed it on condition that Collins should
sign it, and it had been treated, in effect, as in escrow
to obtain Collins' signature. In May, 1931, Collins
filed plea of the two-year statute of limitations (3
Comp. Laws 1929, § 13976).

In May, 1931, the cause was dismissed on demur-
rer to the declaration. The judgment was reversed

October 3, 1932, 260 Mich. 232. The instant trial began December 19, 1932. Three days before, Collins had made a motion to amend the circuit court judgment in the summary proceedings, *nunc pro tunc,* by striking his name from it because (a) the court had directed verdict against Barnard Toy Company only, (b) Collins had been released from liability and had no interest in the premises, (c) the evidence showed Collins had had no possession, (d) Collins was not a party to the circuit court suit and appearance for him by Cohane was not authorized, (e) Collins had not appeared in circuit court nor authorized appearance, affidavit or bond, (f) Collins was not a proper party, and (g) he had not been served with process. In affidavit to the motion, Collins deposed to the above claims and also that, until the present suit was commenced, he had no knowledge that he was named a party to the summary proceedings and did not know of the commissioner's judgment against him.

The motion was heard with the main case and the judgment ordered amended by declaring Collins not guilty of withholding possession. The amendment was based wholly upon the direction of verdict by the court. Plaintiffs appealed from the order and it was submitted with the main case.

Collins' defense is non-execution of the bond, non-authorization and non-ratification of it. The other defendants deny liability on the ground that their signatures were to be effective only if Collins should sign. The court found as facts that Collins had not authorized nor ratified the bond nor was he estopped from denying its execution in his behalf.

In finding the facts, it would appear that the court failed to take into account that this is not a mere private lawsuit. It involves the integrity of judicial

proceedings around which the law casts strong pre-
sumptions, necessary to be indulged in order to pro-
tect the rights of adverse parties and to give final
force to judgments.

The record, upon which plaintiffs had a right to
rely, was that Collins was a party to the summary
proceedings on personal service of process, he ap-
peared by attorney, appealed to the circuit court,
was a witness on both trials, and appealed to the
Supreme Court, all without intimation of irregu-
larity. Aside from presumptions established by law,
an attack upon judicial proceedings, regular upon
the records, first made many years after a party to
them is notified by suit of the claim of his liability,
needs clear and convincing evidence to sustain it.

The record contains no direct testimony that Col-
lins specifically authorized Cohane or Klunover to
take an appeal, sign the bond for him or appear as
his attorney. So we will turn to the question of
whether he ratified such proceedings. Collins as-
serts he did not ratify because he did not know he
was a party to the summary proceedings as he had
never been served with process and had not author-
ized Cohane to appear for him.

Collins' claim that he had not been served with
process rests upon his positive denial of service and
his uncertain relation of circumstances, some of
which were told him by his wife. There was no
corroboration. In a direct attack upon the judg-
ment, corroboration would have been necessary to
impeach the return of service. *Garey* v. *Morley
Brothers,* 234 Mich. 675. No less measure of proof
is reasonable where the purpose is to avoid liability
on a bond, upon which an appeal was permitted and
plaintiffs deprived of possession, and where claim of
non-service is made eight years after knowledge of

claim of liability in a suit at law for recovery on the bond, and no proceedings by direct motion or in equity had been had to correct the court records.

It is a universal rule that an attorney-at-law is presumed to have authority to represent a party litigant for whom he appears. 6 C. J. p. 631. When a party denies the authority he must proceed promptly and unequivocally to repudiate the appearance and to permit no more acts thereunder. Failure to disapprove works ratification. *Corbitt* v. *Timmerman*, 95 Mich. 581 (35 Am. St. Rep. 586).

"The party for whom the appearance has been entered, if without knowledge of that fact, may object at any time on being informed thereof, even after judgment. But a suitor who does not disclaim the authority of an attorney who assumes to represent him in an action after he has acquired knowledge thereof, cannot do so afterwards. He cannot take the hazard of a trial and, when unsuccessful, allege as ground for vacating the judgment that the attorney who conducted the trial had no authority." 1 Thornton on Attorneys at Law, p. 431, § 238.

Collins testified he had never employed Cohane nor authorized him to appear for him. Cohane said he "thought," "believed" he had authority to represent Collins but failed to state the reason for his belief. Cohane's failure to be positive does not add strength to Collins' denial of his authority. Cohane's financial interests are bound up with those of Collins in this suit. The sidelights indicate Cohane's authority to represent Collins. They had worked together in connection with the contract. It would have been natural for Collins to turn the summons over to Cohane to represent him. Collins and Cohane were the principal witnesses for defendants in circuit court. Collins' name appeared first of the

defendants in the title of the cause. It is quite incredible that he did not know he was a party and Cohane was representing him.

Subsequent events affirm his knowledge. He knew in 1924 of the claim that he was a party to the suit and the bond. He made no complaint to or inquiry of Cohane, nor other officer of the Barnard Toy Company, with whom he was friendly and whom he met socially, made no denial to plaintiffs and took no proceeding to clear the record. The progressive nature of Collins' claim, as shown above, in his pleadings and affidavits, expanding to fit the necessities, casts persuasive doubt upon his present position.

In our opinion, the circumstances, combined with the presumptions and lack of corroboration of Collins' denial of authority, clearly establish the fact that Cohane was authorized to represent him.

Being in court on service of process and represented by an authorized attorney, Collins' subsequent participation in the cause was a ratification of proceedings taken by Cohane, including the appeal (2 R. C. L. p. 1008), and execution of the bond (4 C. J. p. 1269).

Cohane's claim that he and the Barnard Toy Company agreed to execute the bond only upon the express condition that Collins should execute it personally is so wholly unreasonable as to deserve no discussion. Moreover, an attorney cannot practice law through employees and disclaim knowledge of their acts and escape responsibility for what they do.

If not originally authorized, nevertheless, by ratification, Collins' signature was effective when the bond was filed. This satisfied the condition upon which the other obligors signed, if, indeed, they executed on condition.

The appeal from the order amending judgment needs no discussion as the question is moot.

Judgment reversed and cause remanded for trial only on the amount of damages and for entry of judgment for plaintiffs thereon, with costs.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.