ARGO OIL CORP. v. R. D. MITCHELL, INC.

1. PROCESS—OFFICER'S RETURN—METHOD OF ATTACK.
  Although return of officer as to service of process may not be attacked collaterally, it may be set aside on motion in same suit or suit in equity brought for specific purpose of setting aside judgment regular on its face but void for want of personal service.

2. SAME—OFFICER'S RETURN—CORROBORATED TESTIMONY.

    In suit by garnishee defendant to set aside default judgment against him for want of personal service of writ of garnishment, evidence *held*, sufficient to justify decree granting relief, in case where denial of party upon whom service was returned as made was corroborated by others and defendant herein relied solely upon return as made, offering no testimony.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 10, 1934. (Docket No. 93, Calendar No. 37,995.) Decided December 10, 1934.

Bill by Argo Oil Corporation, a Michigan corporation, against R. D. Mitchell, Inc., a Michigan corporation, and others to vacate a judgment in garnishment against plaintiff, to allow plaintiff to file a disclosure, and for an injunction restraining defendants from taking any proceedings to enforce the judgment. Decree for plaintiff. Defendants appeal. Affirmed.

*Alex J. Groesbeck* and *Hugh Francis*, for plaintiff.

*Ira F. Morgan,* for defendants.

BUSHNELL, J. Defendant Mitchell, who had a default judgment against E. H. Murphy for $559.39, later filed an affidavit for a writ of garnishment against plaintiff, Argo Oil Corporation. The files of the law case show on December 2, 1932, a return of service of the writ followed by an order of default and the entry of a default judgment against plaintiff on December 30, 1932, in the sum of $611.18, upon which a writ of *fieri facias* issued on January 2, 1934.

Plaintiff filed a bill on January 9th to set aside the default and vacate the judgment, claiming,

according to an amended bill, that it was not and never was indebted to Murphy and that the first knowledge it had of the matter was the appearance of the sheriff with his levy, and contends that it was never served with the writ of garnishment as described in the return.

Plaintiff produced three witnesses to establish failure of service: David H. J. Feinberg, described in the return as "D. Feinberg, office manager, who was then and there in charge of said corporation's office," testified: "I am not the office manager and I never give my name as D. Feinberg;" that he was manager in charge of distribution and was out of the office most of the day on which the return stated service was made, and was never served with the writ at any time. Bessie Pinkerton, treasurer and assistant secretary, and Roy R. Fisher, president and general manager of the plaintiff corporation, both corroborated the testimony of Feinberg and went into detail as to the arrangement of the office and the usual practice regarding writs of garnishment, about four or five of which were served on the corporation each year. The records were produced showing Murphy's indebtedness to the corporation, and it appears that other than this none of the witnesses knew anything about him.

Defendant offered no testimony, relying solely on the officer's return. The record is silent as to the whereabouts of the officer and his personal knowledge of the circumstances surrounding the claimed service.

The court filed a written opinion which recited facts, cited *Lyon* v. *Baldwin,* 194 Mich. 118 (L. R. A. 1917 C, 148); *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich. 207; *Garey* v. *Morley Bros.,* 234 Mich. 675; *Gross* v. *Kellner,* 242 Mich. 656; and 3 Freeman on Judgments (5th Ed.), p. 2560, and concluded

that plaintiff had established the allegations in its bill of complaint. Defendant now appeals from a decree vacating the judgment, setting aside the return and granting leave to file a disclosure upon filing a bond in conformity to the statute.

Though other jurisdictions hold that the return of an officer cannot be attacked, it is established in this State that though it may not be attacked collaterally, the return may be set aside on motion in the same suit, *Michels* v. *Stork,* 52 Mich. 260, and that a court of equity has the power to grant relief in a suit brought for the purpose of setting aside a judgment based upon a return regular on its face, though void for want of personal service. *Wilcke* v. *Duross,* 144 Mich. 243 (115 Am. St. Rep. 394); *Garey* v. *Morley Bros., supra,* and cases there collected by Mr. Justice Sharpe. That case pointed out the seriousness of overturning the officer's certificate of service, all of which was well recognized by the trial judge in his opinion in this case. He quotes from the statements in our authorities as to the nature of proof required, and then says:

"Applying the tenor of the holdings cited and considering the evidence offered by plaintiff in support of its claim, I reach the conclusion the plaintiff has established the facts set up in the bill of complaint."

There is nothing to indicate that the trial judge had any serious doubt that there was no actual service as was the case in *Schlussel* v. *Ruhf,* 249 Mich. 647, nor was the testimony uncorroborated as in the *Garey Case.*

The decree is supported by the testimony and is affirmed, with costs to appellee.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.