ALPENA NATIONAL BANK *v.* HOEY.

SMITH *v.* CLOSSER.

1. COURTS—HOLDING COURT BY JUDGES FROM OTHER CIRCUITS—STATUTES.

　　Provision of statute relative to filing in office of clerk of county to which a circuit judge is sent of certificate of presiding judge designating such judge to sit in a county outside of circuit in which he is elected *held,* directory (Const. 1908, art. 7, § 8; 3 Comp. Laws 1929, §§ 13763, 13766, 13949).

———————

* See 2 Comp. Laws 1929, § 8451.—REPORTER.

2. Same—Jurisdiction—Certificate of Designation.

> Court presided over by circuit judge designated by presiding judge *held*, to have jurisdiction to enter decree in foreclosure suit notwithstanding certificate of designation had not been filed prior to such entry, in absence of showing of clear usurpation, order entering such certificate being unnecessary especially in view of provision of Constitution and statute permitting judges of circuit courts to hold court for each other (Const. 1908, art. 7, § 8; 3 Comp. Laws 1929, §§ 13763, 13766, 13949).

3. Process—Designation of Wrong City—Surplusage in Return.

> Service of process in mortgage foreclosure suit *held*, not invalid because return showed service on a defendant at an address within a city other than city in which service was actually had where city where service was made was in same county, it being also completely surrounded by city named in return, recital in return referring to particular city being surplusage as long as service made in county was sufficient.

4. Same—Denial of Service—Corroboration.

> Security of judicial proceedings demands that showing to impeach an officer's return of service of process shall be clear and convincing and with substantial corroboration of a defendant's denial of service.

5. Same—Denial of Service— Evidence— Corroboration—Family Visits.

> Mortgagor's denial of knowledge of suit to foreclose mortgage until about nine years thereafter where returns show service on her and her husband a few days apart and service on him is not denied *held*, insufficient to impeach the return where corroboration consisted of uncertain testimony of relatives as to duration of her visit with them following death of her father.

Appeals from Alcona; Dehnke (Herman), J. Submitted June 17, 1937. (Docket Nos. 53, 54, Calendar Nos. 39,555, 39,556.) Decided September 1, 1937.

Bill by Alpena National Bank against William T. Hoey and wife to foreclose a mortgage. On petition of defendants to set aside decree. E. P. Smith, W. P. Taber and M. A. Wellington, trustees of the

segregated assets of Alpena Savings Bank, intervened as plaintiffs as successors to title of Alpena National Bank.

Bill by E. P. Smith, W. P. Taber and M. A. Wellington, trustees of the segregated assets of Alpena Savings Bank, against Helen L. Closser, individually and as trustee of William T. Hoey and wife, to remove a cloud on title to lands.

Decrees for plaintiffs. Defendants appeal. Affirmed.

*Carl R. Henry* and *William F. Knapp,* for plaintiffs.

*Dayton W. Closser,* for defendants.

NORTH, J. These cases were heard together on trial and appeal.

In 1923 Hoey and wife executed a real estate mortgage to Alpena National Bank. The mortgage was foreclosed in chancery in Alcona county, by decree entered October 14, 1927, after default of defendant and on order *pro confesso,* and the bank became the purchaser at the foreclosure sale. By conveyance, its title now rests in plaintiffs Smith, Taber and Wellington, trustees. March 25, 1935, Hoey and wife conveyed to Helen L. Closser, trustee, for a named consideration of $10.

February 11, 1936, plaintiffs filed bill to quiet their title as against the Closser deed. July 30, 1936, Hoey and wife filed petition in the original foreclosure suit to set aside the decree for lack of service of summons on Ella Hoey and on the claim of settlement and discharge of the mortgage debt in 1924.

Plaintiffs had order sustaining the foreclosure decree and decree quieting their title.

The foreclosure decree was entered by Hon. Glenn C. Gillespie, circuit judge of Oakland county. The circuit judge of Alcona county was Hon. Albert Widdis. 3 Comp. Laws 1929, § 13766, authorizing the presiding circuit judge of the State to designate a circuit judge to sit in another circuit than his own, provides:

"Such designation shall be made by a certificate to be signed by said presiding circuit judge and said certificate shall be filed in the office of the county clerk of the county or counties constituting such judicial circuit."

No such certificate of designation of Judge Gillespie was on file at the time the foreclosure decree was entered.

Defendants contend the failure to file the proper certificate of designation of Judge Gillespie was fatal to jurisdiction to enter the foreclosure decree. The claim was presented in circuit court and the court ordered certified copy of the certificate of the presiding circuit judge, dated September 20, 1927, to be filed *nunc pro tunc* as of October 11, 1927.

The Constitution of 1908, art. 7, § 8, provides:

"Each circuit judge shall hold court in the county or counties within the circuit in which he is elected, and in other circuits as may be provided by law."

The statutes provide that the judge of a circuit may hold court in another circuit, on designation of the governor, (3 Comp. Laws 1929, § 13676); or of the presiding circuit judge (3 Comp. Laws 1929, §§ 13763, 13766); and that "judges of circuit courts may hold court for each other (3 Comp. Laws 1929, § 13949)."

In *People* v. *Phelps,* 261 Mich. 45, it was held that provisions of a statute relative to the selection of a presiding judge of a circuit are directory rather than mandatory. Upon the same reasoning, the provision relative to the filing of the certificate of designation by the presiding circuit judge must be held directory rather than mandatory. The business of the courts is too important to the people of the State to permit formal details of the machinery of the designation of judges to control their jurisdiction. Moreover, we think the general language of section 13949, that judges of circuit courts may hold court for each other, when read in the light of the constitutional intention of State-wide functions of circuit judges, is amply sufficient to confer the jurisdiction, at least in the absence of showing of clear usurpation. The court had jurisdiction to enter the decree. The order *nunc pro tunc* was not necessary.

Defendants also claim that Mrs. Hoey was not served with chancery summons in the foreclosure suit and they challenge the jurisdiction to enter decree therein.

The foreclosure files contain returns of personal service on Ella Hoey on July 27, 1927, and on William T. Hoey on August 8, 1927, at the city of Detroit in Wayne county, by George Pearce, deputy sheriff. Plaintiff's attorney had sent the summons to the sheriff of Wayne county with instructions to make service and naming the Hoey address as 115 Massachusetts avenue, which is in Highland Park in Wayne county instead of Detroit. Highland Park is completely surrounded by Detroit. Service in the county is sufficient and the recital in the return of the city of Detroit is surplusage.

Pearce, having served thousands of legal papers, could not remember this particular service. With-

out explanation, it would have been suspicious if he had claimed remembrance of a service nine years before. He testified to his practice in serving papers and the only custom he mentioned which might cast uncertainty on his return was that when he went to an instructed address to make service he asked for the person to be served and made service on the person who claimed to be the right party without further identification. Defendants' testimony did not disclose any woman at the Hoey home who could have been served in mistake for Mrs. Hoey.

Mrs. Hoey testified that she was not at home on July 27th; that she had gone to Alpena to attend the funeral of her father who died July 11th; that she remained with her sister about two weeks and with her brother nine or ten days in Alpena. She is corroborated, but with some uncertainty, as to the time of her stay in Alpena by her sister and brother. No documentary evidence was presented nor witnesses produced other than relatives.

The security of judicial proceedings demands that the showing to impeach an officer's return of service of process shall be clear and convincing, *Garey* v. *Morley Brothers,* 234 Mich. 675, and with substantial corroboration of a defendant's denial of service, *August* v. *Collins,* 265 Mich. 389.

Defendants' testimony, of itself, is not convincing. And circumstances impeach it. Mrs. Hoey said she knew nothing of the foreclosure until a few months before the hearing of these proceedings and in 1936. The returns show service on her and her husband a few days apart. Personal service on the husband is not denied. When he was served, it is hardly credible that he would not have inquired of his wife whether and when she had been served, especially because some $13,000 were involved and he claims

the debt had been settled and the proceedings were unjust.

Moreover, a mere recollection of family visits of nine years before without convincing corroboration would be a dangerous standard of proof sufficient to impeach an official return. Judicial proceedings would have little stability if the showing at bar were enough to impeach the return.

We hold that defendants have not produced requisite proof to impeach the return and the decrees are affirmed, with costs.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.