C R MECHANICAL, INC v TEMP-SAN CORPORATION

*ORDER*

Entered May 8, 1975.—REPORTER.

On order of the Court, the application by garnishee defendant-appellant for leave to appeal is considered, and the same hereby is granted. This Court, *sua sponte,* peremptorily reverses the Court of Appeals decision, reinstates the decision of the trial court, and remands for further proceedings.

C. R. Mechanical, Inc., sued Temp-San Corporation, a subcontractor of appellant George Glover, a contractor, who is the garnishee defendant.

Process was allegedly served on Glover on February 25, 1971 by Sparks, a private person. Glover made no disclosure and a default judgment was entered against Glover on January 11, 1972, almost one year after the claimed service of process.

Glover contends he first learned of the default on June 1, 1972. On the next day, June 2, he unsuccessfully moved to set aside the default. No mention was then made of lack of service.

Glover subsequently sought a rehearing on the basis that he had not been served. After a hearing, the trial judge found that service had *not* been made and opened the default against Glover.

The Court of Appeals, relying on *Schlussel v Ruhf,* 249 Mich 647; 229 NW 514 (1930), and *Alpena National Bank v Hoey,* 281 Mich 307; 274 NW 803 (1937), reversed.

Glover and his son, Dan, testified that process was not served. Glover testified that he knew

Sparks from previously being served by him. Glover, with 35 years experience as a contractor, had been frequently served.

Sparks was Mechanical's lone witness. He presented an affidavit of service signed by him and notarized to the effect that service had been made.

In *Schlussel* and *Alpena,* this Court reversed a trial judge's finding of lack of service and reinstated the default judgment. The facts and policy justifications in those cases were markedly different than here.

In *Schlussel,* the defendant did not seek to open the default until six months after a sheriff's sale of the property.

In *Alpena,* the challenge was to a service of process nine years earlier. The property had been purchased at a foreclosure sale and then conveyed.

In both cases, there was other evidence tending to support the process server's testimony.

Both *Schlussel* and *Alpena* and the Court of Appeals in this case emphasize the need for stability and reliance as grounds for not opening a default. In both *Schlussel* and *Alpena,* however, greater lengths of time had passed. During the interval, the subject property had been transferred. The reopening of those cases would have caused considerable difficulty.

In this case, the time is relatively short. No property has changed hands. No one will be prejudiced or caused inconvenience by the opening of the default.

We conclude that there is inadequate justification for reversing the trial judge's finding of fact of nonservice and, *sua sponte,* reverse the Court of Appeals and remand for further proceedings.

*Keywell & Rosenfeld* (by *Sidney L. Frank),* for

plaintiff. *Williams, Schaefer, Ruby & Williams,* for garnishee defendant. (Docket No. 56128.) Reported below: 54 Mich App 83.

SWAINSON, J., not participating.