*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* COGNATA, Minors.

UNPUBLISHED
January 16, 2026
11:41 AM

No. 375499
Eaton Circuit Court
Family Division
LC Nos. 17-019719-NA;
17-019720-NA

Before: RIORDAN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Respondent father appeals the trial court order, entered after a preliminary hearing, that temporarily removed his son from his care. We affirm.

## I. BACKGROUND

Prior to this case, the son had been removed from respondent's care after reports that respondent physically abused him were substantiated. The son was returned to respondent's care several years later, following which the son ran away from home because he perceived "signs that physical abuse was likely to occur again soon." Respondent allegedly refused to answer any questions about the son's allegations and refused to allow the daughter or her mother to answer any questions. With respect to this case, a Department of Health and Human Services (DHHS) employee made several attempts to serve a petition on respondent, and on several of those occasions it was reported that respondent looked through his window but refused to answer the door, and the worker eventually left the petition on respondent's door.

Respondent remotely attended a preliminary hearing where he informed the trial court that he had not actually seen the petition and that he received a text message that morning "saying that the petition had been tacked onto his door." The trial court, without objection from DHHS, agreed to adjourn the preliminary hearing "for the purposes of getting service," but it warned respondent that it would not tolerate gamesmanship or refusal to accept service, and it authorized alternative service by posting the petition to respondent's door if the DHHS was unable to effectuate personal service. The trial court found that the petition articulated exigent circumstances that required an

-1-

immediate hearing regarding whether to remove the son from respondent's home. The trial court took testimony from a worker for Children's Protective Services (CPS) and from the son, following which it found that returning the son to respondent's home would pose a substantial risk of harm to the son's life, physical health, or mental wellbeing. It ordered that the son would be placed with the DHHS, it suspended respondent's parenting time, and it ordered reasonable efforts for reunification. Shortly after the hearing, respondent was served with the petition.

A few days later, the trial court held the preliminary hearing on the newly-served petition, which respondent attended, following which it found probable cause that one or more of the allegations were true and authorized the petition. Respondent then began representing himself, and he filed multiple motions generally asserting that the trial court's actions were illegal or void.

## II. STANDARDS OF REVIEW

"We review de novo whether child protective proceedings complied with a respondent's constitutional rights" and "whether a court has properly obtained personal jurisdiction over a party." *In re Dearmon*, 303 Mich App 684, 693; 847 NW2d 514 (2014). We review de novo the interpretation and application of court rules, *Kuebler v Kuebler*, 346 Mich App 633, 653; 13 NW3d 339 (2023), as well as questions of law involving jurisdiction, *Henry v Laborers' Local 1191*, 495 Mich 260, 273; 848 NW2d 130 (2014). "We review for clear error a trial court's factual findings," and "[c]lear error occurs when we are left with a definite and firm conviction that a mistake has been made." *In re Leach*, 347 Mich App 26, 30; 14 NW3d 178 (2023) (quotation marks and citation omitted). "[I]n applying the principle that findings of fact may not be set aside unless clearly erroneous, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

## III. JURISDICTION

We reject respondent's argument that the trial court lacked jurisdiction because he was not served with the petition before the preliminary hearing.

"In a child protective proceeding, a parent of a child is entitled to *personal service* of the summons and notice of proceedings." *In re Lovitt*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 3. See also MCL 712A.12; MCR 3.920(B)(2)(b) and (B)(4)(1).[1] Failure to comply with personal service "is a jurisdictional defect that renders all proceedings in the trial court void." *In re Lovitt*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted). "However, if personal service is impracticable, the trial court may permit alternative service." *Id*. Such alternative service may be performed "in any manner reasonably calculated to give notice of the proceedings and an opportunity to be heard, including publication." MCR 3.920(4)(b).

---

[1] Respondent cites MCR 2.105, but that rule has not been incorporated into the rules applicable to juvenile proceedings. See MCR 3.901(A)(2).

The trial court appropriately authorized alternative service in light of evidence suggesting that respondent was purposefully avoiding personal service and the "gamesmanship" in which he and his daughter's mother were engaging in. Respondent makes no plausible argument that the alternative service was not reasonably calculated to give him notice of the proceedings and an opportunity to be heard, especially given his actual presence at the preliminary hearing and his admission in a "timeline" that the new petition was delivered to his doorstep three hours after the hearing and that the subsequent hearing was "held with newly served petition." The trial court did not enter an order of removal until after the petition was served and after the subsequent hearing.

At the initial preliminary hearing, the trial court properly ordered a temporary removal in the interest of the son's safety. Under the court rules, the trial "court may adjourn the hearing for up to 14 days to secure the attendance of witnesses *or for other good cause shown*." MCR 3.965(B)(11) (emphasis added). If this adjournment occurs, "the court may make *temporary orders* for the placement of the child when necessary *to assure the immediate safety of the child*, pending the completion of the preliminary hearing and subject to subrule (C), and as applicable, MCR 3.967." MCR 3.965(B)(11) (emphasis added). Subrule (C) requires evidence be taken and findings be made regarding a child's placement, which the trial court did. Accordingly, the trial court was empowered to enter a temporary order of removal of the child for the child's immediate safety. See also MCL 712A.14b(1)(a) to (e) (allowing for immediate removal based on risk to child's safety). In other words, no jurisdictional defect occurred, and the trial court's orders are not void.

Respondent argues that the trial court erred by failing to find clear and convincing evidence that removal was necessary, but the clear-and-convincing evidentiary standard applies to *termination* decision rather than to the initial removal of a child. *In re Sanders*, 495 Mich 394, 406 n 4; 852 NW2d 524 (2014). For ordinary removal proceedings, the evidentiary standard to authorize a petition is merely probable cause. *In re Leach*, 347 Mich App at 31. In light of the evidence of respondent's past abuse, the son's fear of further abuse, and respondent's refusal to cooperate, that standard was clearly met. Respondent contends that the son spoke under duress, but, to the minimal extent the record could possibly support that contention, we defer to the trial court's superior ability to evaluate the credibility of the witnesses who appeared before it. *In re Miller*, 433 Mich at 337. The trial court did not clearly err by finding that the son was without proper custody or guardianship, see MCL 712A.2(b)(1), and that the home "by reason of neglect, cruelty, . . . criminality, or depravity" by respondent made it unfit for the son to live in, MCL 712A.2(b)(2). Its order removing the son was proper.

Next, respondent argues that the trial court exceeded its jurisdiction by continuing the proceedings after he filed his claim of appeal. Although the trial court was prohibited by MCR 7.208(A) from setting aside or amending the removal order that respondent appealed, it did *not* attempt to set aside or amend that order. And, to the extent that the proceedings continued in the probate court, the court was authorized "to decide other matters pertaining to the proceeding from which [the] appeal was filed," MCR 7.208(D), and because we denied respondent's request for a stay, the order appealed was not suspended. MCL 600.1041. An appeal only divests the lower court "of subject-matter jurisdiction over *those aspects* of the case involved in the appeal," which "refers only to proceedings related to the disputed order and not to other issues." *People v Scott*, 513 Mich 180, 198-199; 15 NW3d 159 (2024) (quotation marks and citation omitted).

## IV. CONSTITUTIONAL RIGHTS

Respondent also presents several cursory arguments alleging that his constitutional rights were violated, none of which have merit.

Respondent asserts that he was deprived of his right to due process under the Fourteenth Amendment. He fails to expand on that conclusory argument. Because he was given notice of the proceedings and the opportunity to be heard, *In re Lovitt*, ___ Mich App at ___; slip op at 3, his due-process rights were not violated. Respondent argues that he was deprived of his right to be free from unreasonable searches and seizures, see US Const, Am IV; Const 1963, art 1, § 11, because a CPS worker asked to be allowed into his home and to speak with the children. But respondent *denied* the worker access, and he provides no authority, nor can we find any, for the proposition that his rights were violated merely by the worker's request.

Respondent next argues that his equal protection rights were violated because the trial court rejected several documents as untimely on the morning of a hearing, while the trial court accepted the DHHS's filings "despite defective service and same-day door tacking." Under the Equal Protection Clauses of the United States and Michigan Constitutions, US Const, Am XIV; Const 1963, art 1, § 2, "all persons similarly situated" must "be treated alike under the law," which means that "the challenger and his comparators must be *prima facie* identical in all relevant respects or directly comparable . . . in all material respects." *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013) (quotation marks and citations omitted). Respondent clearly describes different circumstances, and, as discussed, the trial court did *not* accept the failure to serve respondent personally before holding a preliminary hearing. Respondent identifies no other untimely filings that the trial court purportedly accepted from DHHS.

Next, respondent summarily contends that allowing a different judge to preside over one hearing, without "proper assignment" and "notice," violated his due-process rights and "tainted" the proceedings. However, respondent does not explain how he was prejudiced, and we see no evidence of prejudice. "An appellant may not merely announce his or her position and leave it to this Court to discover and rationalize the basis for his or her claims." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 695; 880 NW2d 269 (2015) (quotation marks and citation omitted).[2]

Respondent also argues that the DHHS made misrepresentations on the record at a hearing for which we have not been provided with a transcript. Presuming that the DHHS made the statements in question, and further presuming that they were untrue, respondent fails to explain how any such misrepresentations affected his rights or affected the outcome of the proceedings, and we will not engage in speculation. *Bill & Dena Brown Trust*, 312 Mich App at 695. Respondent argues that he filed various affidavits and exhibits that must be deemed admitted because the DHHS did not rebut them. But he relies on MCR 2.116(G)(4), which is inapplicable because respondent did not move for summary disposition, and MRE 801(d)(2), which is irrelevant

---

[2] Nor would a jurisdictional defect exist under these circumstances. *Alpena Nat'l Bank v Hoey*, 281 Mich 307, 311; 274 NW 803 (1937).

because it only provides that an opposing party's statements offered against that party are not hearsay. Again, respondent fails to support his position.

In light of these conclusions, there were no cumulative errors. *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007).

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado