## PRESQUE ISLE BANK v. KOWALSKI.

1. PROCESS—RETURN OF SERVICE—PRESUMPTION.
   The return of service of an officer acting under official oath
   carries with it a strong presumption of verity.

2. SAME—DENIAL OF SAME—CORROBORATION.
   Security of judicial proceedings demands that showing to
   impeach an officer's return of service of process shall be
   clear and convincing and with substantial corroboration of
   a defendant's denial of service.

3. MORTGAGES—JURISDICTION—FORECLOSURE—FAILURE TO FILE COM-
   PLAINT.
   Defendants' contention that all proceedings in mortgage fore-
   closure proceedings should be set aside for the reason that
   jurisdiction was lacking because no bill of complaint was
   ever filed or served upon them *held*, not supported by the
   record (CL 1948, § 613.5, as amended by PA 1958, No 228).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  42 Am Jur, Process §§ 124, 130.
[3]  37 Am Jur, Mortgages §§ 540, 542.
[4]  5 Am Jur 2d, Appeal and Error § 760.
[5]  37 Am Jur, Mortgages § 640.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—JURISDICTION.
   Whether a court may cure an alleged jurisdictional defect in
   a chancery case is not determined, where Court of Appeals
   makes determination that no jurisdictional defect existed
   (GCR 1963, 528.3).

5. JUDGMENT—SETTING ASIDE MORTGAGE FORECLOSURE—DISCRETION
   OF COURT—DELAY—EQUITY.
   Trial court's denial of motion to set aside *pro confesso* decree
   and sale in mortgage foreclosure proceedings because bill
   of complaint was not in file nor docket or calendar entries
   made thereof *held*, not an abuse of discretion, where such
   motion was filed some 18 months after mortgagors knew of
   mortgagee's change of position by payment of prior first
   mortgage and motion is unaccompanied by any offer to do
   equity (GCR 1963, 528.3).

Appeal from Presque Isle; Glennie (Philip J.), J.
Submitted Division 3 January 5, 1967, at Grand
Rapids.   (Docket No. 1,116.)   Decided March 14,
1967.

Bill of complaint by The Presque Isle Bank, a
Michigan banking corporation, against Frank L.
Kowalski, Helen Kowalski, and others for foreclo-
sure of a mortgage on a certain property.   Default
judgment for plaintiff.   Defendants Kowalskis' mo-
tion to set aside the preceedings was denied.   De-
fendants Kowalski appeal.   Affirmed.

*Robert D. Mandenberg,* for plaintiff.

*William L. Sanders,* for defendants Kowalski.

FITZGERALD, P. J.   This is an action to challenge
the validity of a mortgage foreclosure.   The defend-
ants Kowalski claim that the proceedings are void
for lack of jurisdiction, stating that no complaint
was filed at the outset of the suit.

The Kowalskis were owners of the property in
Presque Isle county which was under mortgage to

plaintiff bank. Unknown to the bank, it was also subject to a mortgage prior to theirs given by the Kowalskis to a certain Gerald Kandow and wife. Both mortgages were in default, the mortgage to the bank having due thereon $3,570.75, and the Kandow mortgage having a balance of $4,500, plus 7% interest.

: The bank began foreclosure proceedings of their mortgage on April 18, 1962, and following the statutory six-month waiting period, default was entered against the Kowalskis. Default judgment was regularly entered on May 31, 1963, a special circuit court commissioner appointed, and a sale of the mortgaged premises held by the commissioner, at which time they were sold to the bank.

The foreclosure sale was reported to the court and confirmed on July 25, 1963, following which a deed in pursuance of the sale was recorded, becoming effective 6 months later. The bank obtained a discharge of the prior mortgage through payment to the Kandows of $5,823.91 for a total outlay by the bank of $10,044.55

On April 20, 1964, the bank sold the foreclosed premises for the sum of $4,104.31, leaving the bank unreimbursed in the total of $5,940.24.

On January 26, 1965, the Kowalskis filed a motion to set aside all proceedings in the cause, including the *pro confesso* decree and the sale, alleging that they were totally defective in that no bill of complaint was ever filed. They further alleged through an affidavit of their attorney that there was no record in the cause, either on the docket or calendar entries of the circuit court or in the circuit court file, indicating the filing of a bill of complaint. Further supporting this was an affidavit of the Kowalskis that although they had been served with summons, they had never seen a bill of complaint nor were they ever served with a bill of complaint.

The answer to the motion asserted that the bill of complaint was filed but that it was undoubtedly lost. Included were various exhibits indicating that copies of the bill of complaint were in existence, and further attaching a copy of the alleged bill of complaint.

The Kowalskis' motion was denied by order of the court on July 9, 1965. They claim appeal, asking whether in proceedings in chancery, commenced under the old judicature act for the foreclosure of a real-estate mortgage, all proceedings were void because of a lack of jurisdiction in failing to file a bill of complaint. They further inquire whether the court has the power under GCR 1963, 528.3, to cure such a jurisdictional defect.

The pertinent portion of the statute (CL 1948, § 619.22 [Stat Ann § 27.1132]) reads as follows:

"All bills for the foreclosure or satisfaction of mortgages shall be filed in the circuit court in chancery of the county where the mortgaged premises, or any part thereof, are situated."

Since at the time this was a chancery action, the jurisdiction of the court was further defined by CL 1948, § 613.5 as amended by PA 1958, No 228 (Stat Ann 1959 Cum Supp § 27.735) reading as follows:

"Suits in chancery shall be commenced by filing bills of complaint in accordance with the rules of court, and upon the filing of such bill the plaintiff shall be entitled to a chancery summons and other process when ordered by competent authority."

The Kowalskis' appeal is based upon one premise and one premise alone: That since there is no bill of complaint in the file now, there never was one. A review of the record and exhibits submitted in the court below reveals several factors which mili-

tate against the acceptance of this premise. Five such factors are as follows:

1. The chancery summons states that, "You are hereby notified that a bill of complaint has been filed against you in commencement of suit."

2. The sheriff's return of service indicates service of copies of the bill of complaint on both defendants Kowalski, and the sheriff's docket indicates that on April 23, 1962, a copy of the summons and bill of complaint was served on the defendants Kowalski.

3. The various returns of service show that at least 5 copies of the original bill of complaint were served on other defendants on the same day the summons was issued.

4. A motion to dismiss the complaint as to the defendant United States of America, heard on December 14, 1962, resulted in an order of the court requiring plaintiff to amend the complaint on the condition that failing to do so the United States of America would be dismissed from the cause.

5. An order of the court stating, "This cause came on to be heard on the bill of complaint filed therein, taken as confessed by the said defendants" resulted in the foreclosure of the mortgage.

Against these indicia of service of the bill of complaint, the Kowalskis offer three factors: The present absence of the bill of complaint in the circuit court file; the absence of an entry recording the filing of the bill of complaint in the circuit court docket and the testimony of the Kowalskis that no bill of complaint was attached to the summons which each received.

The return of service of an officer acting under official oath carries with it a strong presumption of verity. In *Alpena National Bank* v. *Hoey* (1937), 281 Mich 307, a case not unlike that here under consideration, the Court sets forth the concept that (p. 312):

"The security of judicial proceedings demands that the showing to impeach an officer's return of service of process shall be clear and convincing, *Garey* v. *Morley Brothers* (1926), 234 Mich 675, and with substantial corroboration of a defendant's denial of service, *August* v. *Collins* (1933), 265 Mich 389."

Such substantial corroboration here must be found, if at all, in the failure of the clerk to enter the bill of complaint in the docket journal and place it in the file. Such a showing fails to convince us, as it failed to convince the court below, that a bill of complaint was not presented to the clerk at the time of issuance of summons, attached to the summons admittedly served on the Kowalskis and the original thereafter inadvertently mislaid by the clerk.

The Kowalskis' second question, whether GCR 1963, 528.3, allows a court to cure the alleged jurisdictional defect is met by our finding that no defect fatal to jurisdiction in fact exists.

It should also be noted that defendants' motion is totally lacking in any offer to do equity and takes no cognizance of the appellee's changed position by the payment of the prior mortgage. The defendants' unexplained 18-plus-month delay in bringing forth their motion in the face of knowledge of the proceedings, brought about a materially changed position of the bank following the payment of the prior first mortgage.

Treated as a motion under GCR 1963, 528.3, as the court did, we fail to see any abuse of discretion by the trial court and we do not feel that substantial justice is served by viewing the motion as one under any other court rule which might be interpreted to reach a more favorable result for defendants.

The net effect of thorough review of the record indicates a tenuous basis for defendants' motion

and no abuse of discretion on the part of the trial court.

Affirmed. Costs to appellees.

T. G. KAVANAGH and QUINN, JJ., concurred.